ELIHU SMITH *vs.* HORACE L. LACKOR.

March 29, 1877.

Homestead Exemption—Mortgage Without Wife's Signature.—Any property authorized to be acquired and held as a homestead, under Gen. St. c. 68, § 1, and held and occupied as such, is protected against any mortgage—except for the purchase-money—given by the owner, if a married man, without the signature of his wife.

Same—Debt Incurred for Material to Build a House.—A debt incurred for lumber to build a dwelling-house on a lot held under a contract of purchase, and claimed and occupied as a homestead, represents no part of the purchase-money of such homestead.

This action was brought in the district court for Nobles county, to foreclose the equities of the defendant under the bond mentioned below, and to have such bond surrendered and cancelled, and for general relief, and was tried before *Dickinson*, J., whose findings of fact, upon the issues made by the pleadings, were, in substance, as follows :

In August, 1873, the defendant made a written contract with the Sioux City & St. Paul Railroad Company for the purchase from it of a platted lot in the village of Worthington, of the usual size of residence lots in that village. The defendant paid $25 of the purchase-money, leaving unpaid a sum less than $142, upon payment of which, as provided in the contract, the defendant would be entitled to a conveyance in fee of the lot. The defendant immediately began the erection of a dwelling-house on the lot, and, on February 1, 1874, the house being nearly completed, the defendant moved into it with his family—consisting of a wife and three children—and has since resided there, pursuant to his intention at the time of the purchase.

On April 22, 1874, the plaintiff lent the defendant $1,052.72, of which amount the sum of $947 was paid by plaintiff, at defendant's request, to one Daniel Rohrer, to satisfy an indebtedness of defendant for lumber sold to him by Rohrer, and used in the construction of such dwelling-house. At the same time, to secure the repayment of the loan, the defendant assigned to plaintiff his contract with the railroad company, and plaintiff gave to defendant his bond conditioned to reassign the contract, upon repayment to him of the amount of the loan, and all sums that might be paid by plaintiff to the railroad company to perfect the title to the lot, etc., with interest, etc. The defendant's wife did not sign the assignment, nor did she know of it until after the transaction between plaintiff and defendant was completed. At the time of such transaction the lot was worth no more than $300, while the building was of much greater value. On December 16, 1874, the plaintiff paid

the railroad company, pursuant to its contract with defendant, the remainder of the purchase-money of the lot, with accrued interest, and the company thereupon made to plaintiff a conveyance in fee of the land. Defendant has never repaid any part of the money so lent to him by plaintiff, nor any of the money so paid by plaintiff to the company. There was no other consideration than that above stated for the assignment and the condition of the bond, and plaintiff made the loan relying on the assignment as security.

As conclusions of law the court found that the assignment and bond were, in effect, a mortgage; that the premises were, at the date of the assignment and bond, the homestead of defendant, and that the plaintiff acquired no lien thereon, for want of the wife's signature to the assignment; and judgment was ordered that the plaintiff recover of defendant the amounts lent to and paid for him as above mentioned, and that the amount of $142, paid by the plaintiff to the railroad company, and interest, be adjudged to be a specific lien on the real estate, and that the same be sold to satisfy such lien; but that (in accordance with the prayer of the answer) the defendant be adjudged to be the equitable owner of the premises, discharged of any lien or title of plaintiff on account of the assignment, etc., except as to said sum of $142 and interest, before declared a lien; and that, upon satisfaction of such lien, either by payment by defendant or by sale and redemption, the plaintiff be adjudged to reconvey the premises to the defendant, by proper deed. Judgment was entered pursuant to such order, and the plaintiff appealed.

*Gordon E. Cole* and *Clark & Soule*, for appellant.

*Waite & Freeman*, for respondent.

CORNELL, J. As respects defendant's homestead claim, and the assignment of his interest without the consent and signature of his wife, it is difficult in principle to distinguish the case at bar from *Wilder* v. *Haughey*, 21 Minn. 101, and

*Hartman* v. *Munch*, 21 Minn. 107. In those cases it was expressly held that a vendee, in the occupancy of an eighty-acre tract of land as a homestead, under a contract of purchase, when a portion only of the purchase-money had been paid, or was due, held such an equitable interest therein as constituted him an owner, within the meaning of the homestead act, and that any assignment or mortgage of such his interest, without the consent and signature of his wife, was invalid and void. We see no reason to doubt the doctrine of those cases, and though the point made by counsel for plaintiff herein—that the disability imposed upon the husband, by section 2 of the homestead act, in respect to his power of alienation without the signature of his wife, must be strictly construed as confined to land of which he is the legal, and not the equitable, owner—does not appear to have been discussed by the court in the opinions given in those cases, yet it was necessarily involved and decided upon the facts as therein presented. Moreover, it is apparent from the language of section 2 that its provisions were designed to apply to the same property made subject to exemption by the 1st section of the statute. Its language is: "*Such* exemption shall not extend to any mortgage thereon lawfully obtained, but such mortgage or other alienation of *such* land by the owner thereof," etc. This clearly refers to the same exemption mentioned in the preceding section, and protects the wife against any alienation, without her consent and signature, of whatever property may lawfully be held as a homestead under its provisions, whether the same is held by a legal or equitable title.

The position of defendant's counsel—that the debt contracted for the lumber which was used in the construction or erection of the dwelling-house on the lot in question was a part of the purchase price paid for the homestead—was distinctly repudiated by this court in *Cogel* v. *Mickow*, 11 Minn. 475, in which it was said, in reference to such a

debt, "It is no more a part of the purchase-money (of the real estate) than the price of a fruit-tree or a fence-post, used for the improvement of the property, would be." The thing to which the homestead right attaches, under the statute, is not the house, considered alone as personal property severed from the freehold, but the real-estate interest of the owner in the land, which carries with it the dwelling as an appurtenance and part of the realty. Any debt contracted in the purchase of this real-estate interest represents, in whole or in part, the purchase-money of the property, but not debts incurred in making improvements or erections thereon of any kind. The indebtedness to Rohrer for lumber, which was used in the erection of defendant's dwelling-house, constituted no part of the purchase price of his homestead, and the mortgage security which he attempted to give thereon for such debt, being without his wife's signature, was invalid and of no effect.

Judgment affirmed.