PHILOMENA JELINEK and others *vs.* JOSEPH H. STEPAN.

August 19, 1889.

Homestead—Trust—Mortgage.—The testimony in this case examined, and found insufficient to justify the findings of fact or the order for judgment.

Plaintiffs, the widow and minor heirs of Matthias Jelinek, deceased, brought this action in the district court for Scott county, to determine defendant's adverse claim to lands in that county. The defendant answered, claiming a lien by virtue of the deed mentioned in the findings of the court, and praying judgment for foreclosure. The action was tried by *Edson,* J., who found these facts: On April 6, 1882, Anna Jelinek, wife of Matthias, owned the land in fee, and resided on it with her husband, and on that day (her husband joining) conveyed it to Jacob Jelinek, to enable Matthias to raise money and secure a debt of $908.85, which he then owed defendant. On April 23, 1884, at Matthias's request, Jacob with his wife executed and delivered to defendant a conveyance of the land to secure the same debt, on which is still due the sum of $678 and interest from

that date. As a conclusion of law the court found that defendant was entitled to judgment, as prayed in his answer, directing a foreclosure of his mortgage and sale of the property. Plaintiffs appeal from the judgment. At the trial it appeared that Anna Jelinek died April 22, 1882, and on September 11, 1882, Matthias married the plaintiff Philomena, and they occupied the premises as a homestead until his death, June 20, 1886. Other facts established at the trial are stated in the opinion.

*E. Southworth,* for appellants.

*Peck & Brown,* for respondent.

COLLINS, J. The facts in this case are simple, and as to those which seem material for its determination there exists no dispute.

1. The premises in controversy, held in trust, as defendant well knew, by Jacob Jelinek, for the use and benefit of his brother, Matthias, who had for several years occupied them as his residence, were, in part, at least, the homestead of the latter on the 23d day of April, 1884, the day on which Jacob deeded the same to defendant at the request of Matthias and as security for the payment of such sums of money as defendant might thereafter advance to discharge and release the property from existing liens and incumbrances. Matthias Jelinek actually owned the same, although the legal title was in another. This, with actual occupation, constituted the premises, in whole or in part, his homestead, under the provisions of Gen. St. 1878, c. 68, § 1. *Wilder* v. *Haughey,* 21 Minn. 101; *Hartman* v. *Munch,* Id. 107.

2. As the real owner was a married man, the husband of the adult plaintiff in this action, and the premises were his homestead on the day of the conveyance to defendant, they could not be mortgaged or otherwise alienated without the signature of the wife. Without such signature the deed to defendant was of no value. *Barton* v. *Drake,* 21 Minn. 299; *Smith* v. *Lackor,* 23 Minn. 454; *Ferguson* v. *Kumler,* 25 Minn. 183.

3. The court manifestly erred in its finding that the conveyance of date April 6, 1882, in which Anna Jelinek and her husband, Matthias, were grantors, and his brother, Jacob, grantee, was executed and delivered to enable Matthias to raise money and secure the sum

of $908.85, which he then owed defendant. It was admitted by all upon the trial that the sole purpose of this deed was to place the humble home of a dying woman in the hands of a trustee, for the use and benefit of her husband, and the testimony is undisputed that at the time of the conveyance to defendant, of date April 23, 1884, Matthias Jelinek, the beneficiary of the trust, did not owe the latter a dollar. The conveyance was only to secure the repayment of such sums as the defendant might have to advance on existing liens and incumbrances, as before stated, and held by third parties.

4. The court also erred in finding in a general way, but effectually, that the allegation in the reply as to the date of the marriage of the plaintiff Philomena to Matthias Jelinek was untrue. The only evidence upon this point seems to have been overlooked or disregarded.

5. The other alleged errors need not be considered, for those of any merit will not occur upon a second trial.

Judgment reversed, and a new trial awarded.