IRA W. LAYSON, Appellant, v. JOHN H. RILEY, Respondent.

Kansas City Court of Appeals, May 20, 1918.

1. **HOMESTEAD: Incumbrance: Payment: Creditor.** A man resided on his homestead upon which there was an incumbrance for $480. He made a voluntary conveyance of the homestead to his daughter, subject to this incumbrance, and then, with independent means, paid off the incumbrance. She then conveyed back to him. A judgment creditor for $100 sought, by bill in equity, to charge this judgment as a lien on the homestead. It was *held* he could not do so.

2. **EQUITY OF REDEMPTION: Payment: Creditor: Equity.** One may have a homestead in an equity of redemption, and if he pays the mortgage, he still may hold the homestead, thus relieved of the incumbrance, and creditors have no right to follow the sum paid in discharge of the incumbrance, into the land.

3. **DEBTOR: Protection: Incumbrance: Creditor.** The debtor may protect his homestead by paying an incumbrance so long as he does not increase it beyond the limited value, without giving a creditor a right to follow the sum paid and apply it on his claim.

4. **FRAUD: Creditor.** The fraudulent conveyance of a homestead affords no right to creditors to attack it, since they have no claim on such homestead and in consequence, cannot be defrauded by its conveyance.

Appeal from Buchanan Circuit Court.—*Hon. Thomas B. Allen, Judge.*

AFFIRMED.

*Duvall & Boyd* for appellant.

*Charles F. Keller* for respondents.

ELLISON, P. J.—This is an action in equity to subject a certain lot in St. Joseph, Missouri, to the lien of the judgment plaintiff had against defendant Riley. The defendant Mary is the daughter of Riley. The defendant prevailed in the trial court.

A judgment for $100, was rendered in plaintiff's favor against Riley by a justice of the peace, on the 14th of May, 1915. A few days prior to this judgment Riley, without consideration, conveyed the property to his daughter, subject to a deed of trust for $480, which was afterwards paid by Riley. The daughter afterwards conveyed the property back to Riley. It is conceded by plaintiff that prior to Riley's conveyance the property was his homestead, but plaintiff says that when "he conveyed it he could never claim a homestead in it again so for as plaintiff's judgment was concerned." Plaintiff further insists that when Riley "conveyed the property to his daughter subject to the deed of trust, he conveyed to her merely the equity of redemption and the land became the primary fund for the payment of the incumbrance;" and that Riley was relieved from the duty of paying the incumbrance; and that when he paid it, his act was voluntary and a fraud upon plaintiff; and that, therefore plaintiff may follow the fund into real property and have his judgment satisfied out of that property.

We find ourselves not able to understand how plaintiff's theory of his case can be allowed to affect the fact that the property was Riley's homestead and in no way subject to the payment of plaintiff's judgment.

Under the rule in this State the property, notwithstanding Riley may have fraudulently conveyed it to his daughter and afterwards received a deed back from her, was all the time his homestead. His fraud (if any) in respect to the homestead could not affect his right to claim that it was exempt from plaintiff's judgment. [Vogler v. Montgomery, 54 Mo. 577, 584; Seilert v. McAnally, 223 Mo. 505, 516; Guinan v. Donnell, 201 Mo. 73, 212.]

Nor does the fact that defendant Riley paid off the incumbrance of $480 affect his homestead right. It was his privilege, without interference from plaintiff, to protect his homestead, so long, of course, as he did not increase its value over the homestead right as limited by the statute.

Layson v. Riley.

Plaintiff, looking to the fact that Riley had a homestead in land incumbered by a mortgage and that he conveyed the homestead to his daughter and then paid off the mortgage, with independent means, claims that he, plaintiff, has a right to hold the homestead up to the amount so paid in discharge of the mortgage. He relies on the law as stated in Vandervort v. Fouse, 52 West Va. 214; that if a father put valuable improvements upon land of his daughter, their value may be charged on the land by his then existing creditor, regardless of whether the father was attempting a fraud. And also as stated in Peoples Nat. Bank v. Loeffert, 184 Pa. St. 164, that where a debtor conspiring with another to defraud his creditors, furnishes material to make improvements on the other's land, a court of equity will award a lien on the land in favor of the creditors to the extent of the costs of the improvements.

We think that branch of the law not applicable to the facts in the present case. Here, as we have endeavored to show, defendant Riley had a homestead in the property and the act which plaintiff attacks was an act in preserving such homestead by paying the incumbrance. When he did so, it yet remained his homestead relieved of the incumbrance, and also unaffected by any claim of creditors, so long as the homestead was not increased beyond the limited value.

In Cheatam v. Jones, 68 N. C. 153, the court said that "A mortgage is a mere incumbrance upon a man's land, and given as security for the debts therein set out; and if he can discharge the incumbrance by the sale of the land *outside of his homestead, or in any other way,* creditors who are not secured by the mortgage have no ground upon which to deprive him of the homestead secured by the Constitution." This view of the law is also stated in Waples on Homesteads, 119, and by Thompson on Homesteads, sec. 170. The same things is decided in Butler v. Steinback, 87 N. C. 216, 219.

In Fellows v. Dow, 58 N. H. 21, the court said that "The right to redeem a homestead from a mortgage . . . is an interest of the debtor in the homestead,

and an interest in which the statute gives a homestead right.''

In Smith v. Lackor, 23 Minn. 454, an attempt was made by one who had furnished lumber for a house erected on the homestead, to treat his claim as though it were a part of the purchase money which could be enforced against a homestead. But, the court said: ''It is no more a part of the purchase money (of the real estate) than the price of a fruit tree or a fence post, used for the improvement of the property, would be.''

So in any view which may be taken, the ruling of the trial court was correct; and the judgment will be affirmed. All concur.