# SUPREME COURT OF TEXAS.

| 26 | 685 |
|----|-----|
| 74 | 618 |
| 26 | 685 |
| 79 | 554 |

## TYLER TERM, 1863.

---

### MOSES L. PATTON v. M. T. KING AND ANOTHER.

A married woman can, jointly with her husband, make a valid conveyance of lands, her separate property, by an attorney in fact duly authorized by power of attorney, executed and acknowledged in the manner prescribed by law for the execution and acknowledgment of deeds of conveyance.

An attorney in fact, authorized as aforesaid to convey lands, the separate property of a married woman, is competent to make the legal acknowledgment of his deed as such attorney, for registration.

It was error, therefore, to exclude, as evidence of title, a power of attorney duly executed and acknowledged by a married woman, jointly with her husband, empowering the attorney to convey lands, her separate estate; and also to exclude the deed of conveyance of such attorney, duly acknowledged and recorded.

A certificate of an officer taking a deposition which does not show that the answers of the witness were sworn to before him, is insufficient.

This was an action of trespass to try title, brought by the appellant, Patton, against the appellees, M. T. King and M. H. Haynes, for the recovery of a tract of land in the county of Nacogdoches.

The plaintiff, as evidence of his title, offered a power of attorney from Antonio Perez and his wife, Jacoba Buena y Perez, to James H. Starr and Nathaniel Amory, and also a deed from said Starr and Amory, as such attorneys in fact, to the plaintiff.

The defendants objected to the evidence, on the ground that a married woman could not convey her lands by attorney, but only by deed executed by herself jointly with her husband. The court sustained the objection, and excluded the power of attorney and the deed.

The other facts are sufficiently stated in the opinion.

There was verdict and judgment for the defendants, and a new trial refused to the plaintiff.

*George F. Moore*, for appellant.

*Walker*, for appellees.

WHEELER, C. J. The ruling of the court excluding the power of attorney and deed of Perez and wife, conveying the property of the latter, proceeded upon the ground that a married woman cannot, jointly with her husband, make a valid conveyance of lands by an attorney in fact. In this opinion we think the court erred. To hold that a married woman cannot convey her separate property except by deed, would be, we think, to give the statute too narrow and literal a construction to comport with the previous decisions of the court, or the intention of the statute. It has never been questioned that a married woman may create a charge or incumbrance upon her estate, though the statute, in terms, provides only the mode of disposing of it. (Hart. Dig., art. 173.) The ability to give a valid power to convey may be essential as a means to the exercise of the power of disposition, and therefore highly advantageous to those for whose benefit the statute was enacted. It is believed to have been the contemporaneous construction of the statute and the practice under it for married women thus to convey; and to hold such conveyance void would be to unsettle many estates. Under a statute similar to our own, the Supreme Court of Pennsylvania has held that a married

woman may, jointly with her husband, give a power to convey lands, and that such power, when acknowledged in the manner prescribed by the statute for passing the estate of married women, will be good and effectual to enable the attorney to convey. (Fulweiler v. Baughn *et al.*, 15 Serg. & R., 55.) In regard to her separate property, a married woman is generally treated as a *femme sole.* The acknowledgment prescribed by the statute is for her protection; and when that is made to the power of attorney, the object of the statute has been as effectually attained as if made to her deed of conveyance. We think the court erred in excluding the evidence.

The court excluded the deed executed by the attorney upon the ground that it was not competent for the attorney to acknowledge the deed for registration. And in this we think the court erred. The power to convey confers the authority to complete the execution of the deed of conveyance. The attorney has authority to do that which is necessary to render the deed good and effectual to perfect the right and title of the grantee; and to that end he must have authority to acknowledge the deed for registration.

It does not appear by the certificate of the officer that the answers of the witness, Berry, were sworn to before him; and in this respect the certificate was insufficient. (15 Tex. R., 278; Hart. Dig., art. 727.) Though this was not the ground of objection taken at the trial, as it may be taken upon another trial, it is indicated in order that if deemed essential it may be obviated.

As the case was in effect disposed of by the rulings of the court excluding the deeds and instruments of conveyance offered by the plaintiff, it is unnecessary to consider other objections to evidence which may be obviated, or to revise the judgment in reference to other questions which may arise for decision upon another trial.

The judgment is reversed and the cause remanded for further proceedings.

Reversed and remanded.

MOORE J. did not sit in this case.