CHARLES L. COLEMAN *vs.* WILLIAM BALLANDI.

August 23, 1875.

Homestead—Mechanic's Lien.—Laws 1869, ch. 26, amending Gen. St. ch. 68, § 2, relating to homestead exemption, construed, and *held* not to authorize a lien, and the enforcement thereof against a debtor's homestead, in favor of the claim of a material man for materials furnished in the erection of a building on such homestead, there being no agreement between the parties creating the lien.

Same—Discrimination between Different Classes of Creditors.—It is constitutionally competent for the legislature to determine the amount of property that shall be exempted from seizure or sale for the payment of any debt or liability, and to increase or diminish such amount from time to time; but it cannot, in its exemption laws, discriminate between different classes of creditors and kinds of debts. .

Appeal by defendant from a judgment of the district court for Faribault county, where the action was tried before *Waite,* J., without a jury.

*Benj. G. Reynolds* and *C. H. Radford,* for appellant.

*Andrew C. Dunn,* for respondent.

CORNELL, J. Between July 27, and November 12, 1872, plaintiff sold and delivered to defendant, at his request, certain building materials, of the value of $299.20, for the purpose of being used, and which in fact were used, in the erection of a certain building on a part of a village lot in Winnebago City, then owned and occupied by defendant as his homestead. In May following plaintiff filed and recorded in the proper register of deeds' office the requisite notice, affidavit and verified statement of account, to secure a lien upon said building and premises. This action is brought to recover the balance claimed to be due on such account, to wit, $136.12, and to enforce the same as a lien against said. property. On a trial by the court without a jury, upon these facts a judgment was ordered and entered in favor of plaintiff for such balance and costs, adjudging the amount a lien against said premises and buildings, and ordering a sale thereof to satisfy the judgment, etc. The question presented is whether this judgment can be upheld under the amendment to the homestead exemption act, adopted in 1869, which is as follows: "Such exemption shall not extend to any contract for a lien, or upon which a lien would arise under the lien laws of this state, for work done or material furnished in the erection or repair of a dwelling-house, or other building, on said land." Laws 1869, ch. 26.

The contract alleged in this case is one of sale and deliv-

v.22m—10

ery by plaintiff, at defendant's request, of a certain quantity of lumber, of a certain value, for the purpose of being used in a building on defendant's homestead. It contains no stipulation giving to the vendor any lien upon the homestead for the purchase price of the material sold, and cannot be construed into a "contract for a lien." Is it a contract "upon which any lien would arise under the lien laws of this state," etc.? The negative of this is apparent from the following considerations: In the absence of any express contract creating it, the lien which a material man or mechanic may become entitled to "does not arise out of any contract, but depends solely on the statute for its existence. It is a preference which he may secure if he proceeds in a particular way," and fully complies with the statutory requirements upon the subject, and not otherwise. *Bailey* v. *Mason*, 4 Minn. 546. Having its origin alone in the statute and proceedings taken under it, it cannot be said to "arise out of or upon any contract," and hence is not embraced in the terms of the amendment. To determine its existence in any given case, we must look, therefore, to some statute authorizing it. The lien laws in force at the time the proceedings in this case were had are substantially the same as those which came under consideration by this court in the case of *Cogel* v. *Mickow*, 11 Minn. 475, in which it was distinctly held that under the laws then in force a material man had no claim against his debtor's homestead for materials furnished in the erection of a dwelling thereon.

It is claimed, however, that the decision in that case is not applicable to the present, because the last clause of the above quoted amendment operates as a modification of the then existing lien laws. This is not so, either in terms or in its effect. It is what it purports to be—simply an amendment of a section of the statute relating to homestead exemptions, and purporting to except from its operation cases founded upon "a contract for a lien, or upon which a

lien would arise under the lien laws of this state," etc.    It does not purport to give any right to a lien in any case where, by the laws then in force, it did not exist, and cannot be so construed.

Assuming, however, that the legislature intended, by this amendment, specifically to give to a material man, in the absence of any agreement, the right to secure and enforce his claim as a lien upon his debtor's homestead, and that the section as amended is susceptible of such a construction, it could not be upheld as a constitutional exercise of legislative power under § 12 of the bill of rights.    This provision of the constitution imposes upon the legislature the duty of exempting from seizure or sale, for the payment of any debt or liability, a reasonable amount of property, and of determining such amount by law.    In the discharge of this duty, and the exercise of its undoubted power, its judgment and discretion as to the amount of the exemption, and its reasonableness, are final and conclusive, and it may increase or diminish such amount from time to time, according to its own views of an enlightened public policy. Beyond this, however, it cannot constitutionally go.    Discrimination, in its exemption laws, between different classes of creditors and kinds of debts or liabilities, is a species of class legislation which is absolutely prohibited.    This must be regarded as the settled doctrine in this state.    *Tuttle* v. *Strout,* 7 Minn. 465 ; *Cogel* v. *Mickow,* 11 Minn. 475.

So much of the judgment appealed from as decrees a lien upon the premises therein described for the amount thereof, and orders a sale of all defendant's right, title, interest and estate therein to satisfy the same, is reversed.