BURROWS *v.* BROOKS.

113  307
148  486

CONSTITUTIONAL LAW—EXEMPTIONS—LABOR DEBTS—CLASS LEGIS-
LATION.

> Section 1 of Act No. 14, Pub. Acts 1885 (3 How. Stat. § 1717*a*),
> limiting the right' of exemption to the articles therein enu-
> merated, not exceeding $500 in value, in cases where the exe-
> cution is issued upon a judgment for personal labor, is in-
> valid as class legislation, and as contravening section 1, art.
> 16, of the Constitution, which provides that the personal
> property of every resident of the State, to consist of such
> property as shall be designated by law, shall be exempted, to
> the amount of not less than $500, from sale on execution or
> other final process of any court, issued for the collection of
> *any debt.*

Error to Berrien; Coolidge, J. Submitted April 7,
1897. Decided May 28, 1897.

Replevin by Jasper Burrows against James Brooks.
From a judgment for defendant on verdict directed by
the court, plaintiff brings error. Reversed.

*James O'Hara*, for appellant.

*Gore & Harvey*, for appellee.

MOORE, J. Plaintiff is a drayman. Mr. McMullen
obtained judgment against him for personal work and
labor in justice's court. The defendant, who is a deputy
sheriff, by virtue of an execution issued upon said
judgment, levied upon a wagon belonging to and used by
plaintiff in his business. The wagon levied upon,
together with his team, harness, etc., used by him to
carry on his business, did not exceed in value the sum of
$250. Plaintiff, claiming that the wagon was exempt,
demanded its return of the officer, and upon his refusal to
return it brought replevin. On the trial the court refused

to direct a verdict for plaintiff, but directed a verdict for defendant, on the ground that the wagon was not exempt, under section 1, Act No. 14, Pub. Acts 1885 (3 How. Stat. § 1717a). Plaintiff comes here on error.

The sole question in this case is whether the portion of Act No. 14, Pub. Acts 1885, relative to the exemption of personal property from levy and sale under executions issued upon judgments for labor debts, is valid or not. If it is, the judgment should be affirmed. If it is not, the judgment should be reversed, and a judgment entered here for plaintiff for nominal damages.

There can be no doubt that under subdivision 8, § 7686, 2 How. Stat., the wagon in question was exempt from levy and sale, unless it is made subject to levy by section 1, Act No. 14, Pub. Acts 1885, which reads as follows:

"That the following personal property only, not exceeding in value five hundred dollars, shall be exempt from levy and sale under any execution issued upon a judgment obtained in or before any competent court of this State for work, labor, or services, other than professional services, done or performed by any person: Spinning wheels, weaving looms with the apparatus, and stoves put up and kept for use in any dwelling house; cemeteries, tombs, and rights of burial, while in use as repositories of the dead; the library and school books of every individual and family, and all family pictures; one cow, and provisions and fuel for the comfortable subsistence of every person and family for one month; and household goods, furniture, and utensils."

By its terms, this section of the statute would unquestionably subject the property to levy and sale.

Article 16, § 1, of the Constitution, reads as follows:

"The personal property of every resident of this State, to consist of such property only as shall be designated by law, shall be exempted, to the amount of not less than five hundred dollars, from sale on execution or other final process of any court, issued for the collection of any debt contracted after the adoption of this Constitution."

When this constitutional provision was adopted, there was a general law upon the statute book, which has been

and is substantially the same as the one now in existence. It provides as follows:

"The following property shall be exempt from levy and sale under any execution, or upon any other final process of a court: * * * The tools, implements, materials, stock, apparatus, team, vehicle, horses, harness, or other things to enable any person to carry on the profession, trade, occupation, or business in which he is wholly or principally engaged, not exceeding in value two hundred and fifty dollars." 2 How. Stat. § 7686, subd. 8.

It will be noticed that the constitutional provision refers to the personal property of every resident of the State, which property, when designated by law, shall be exempt from sale on execution for the collection of any debt. It will also be noticed that the general exemption law complies with the constitutional requirements in all particulars. The act of 1885 does not exempt the property mentioned therein from levy and sale upon process issued for the collection of any debt, thus not meeting the constitutional requirement. The property mentioned in the act is exempt from levy and sale upon executions issued only upon judgments obtained "for work, labor, or services * . * * done or performed by any person." When the provisions of the two statutes in relation to exemption are attempted to be enforced, it will be found that property is exempt from levy and sale under one act which is liable to levy and sale under the other. It would not be difficult to suppose a case where, by the application of both exemption laws, so little property would be left to the debtor as to wholly deprive him of the right of exemption guaranteed to him by the Constitution. Section 1, Act No. 14, Pub. Acts 1885, is class legislation (*Tuttle* v. *Strout*, 7 Minn. 465 [82 Am. Dec. 108]; *Coleman* v. *Ballandi*, 22 Minn. 144), and is contrary to the provisions of section 1, art. 16, of the Constitution.

It is said by counsel that the object and intent of this law is, like many upon our statute books, for the protection of laborers, as, for example, the law giving a

lien to a mechanic for his work upon a chattel, a lien to a livery-stable keeper for the care of animals, etc., which have been held to be within the admitted powers of the legislature. All of these laws proceed upon the theory that the lienor has added to the value or contributed to the necessity of the thing upon which he has a lien, and to that extent has an interest in it, which he ought not to be made to surrender until his interest is satisfied; and none of these laws are in conflict with constitutional requirements. So, too, in relation to property not being exempt from levy and sale for the purchase price. The provision is found in the general law of exemptions, and applies to all persons, and proceeds upon the theory that the purchaser of property should not be allowed to get and retain the property of another and not pay for it. Wap. Homest. & Exemp. 335. In morals, if not in law, property does not belong to the purchaser until the interest of the seller in it is extinguished by paying him the purchase price. These principles do not apply to the provisions of the law of 1885. Under this constitutional provision, the power is given to the legislature to prescribe the *kind of property* which shall be exempt; but the Constitution itself speaks upon the question of what debts the exemption shall be good as against, and provides that such property as shall be prescribed by the legislature shall be exempt as against *all debts*, not debts of a *particular class*, or all debts except a particular class. See Thomp. Homest. & Exemp. § 16.

Judgment is reversed, and judgment entered here in favor of the plaintiff for six cents damages, and costs of both courts.

The other Justices concurred.