O'LEARY, Respondent, v. CROGHAN, Appellant.

· (173 N. W. 844).

(File No. 4530.   Opinion filed August 15, 1919.)

Exemptions—Laborers', Mechanics', Physicians' Bills, Necessaries, Statutory Discrimination Re, Whether Constitutional—Class Preference, Discrimination—Statutes, Constitution, Construed.

Laws 1911, Ch. 150, (Sec. 2668 Code 1919), providing that nothing therein shall be construed to exempt personalty from mesne or final process for laborers' or mechanics', physicians' bills or for the necessaries of life including only food, clothing and fuel, provided for debtor or his family, except property absolutely exempt * * * provided that in case of physicians' bills or for necessaries of life there shall also be exempt household and kitchen furniture, etc., not exceeding $400 in value and also two cows, provided that collection of physicians' bills shall not be enforced by legal process in less than six months from accrual thereof except when debtor is about to remove, etc.; and Laws 1889, Ch. 86, Sec. 2 (Code 1919, Sec. 2659), providing for additional exemptions to heads of families to be selected from personalty not absolutely exempt, etc., not exceeding $750 in value, and to a single person not the head of a family to value of $350, are in violation of Const, Art. 21, Sec. 4, providing that debtors' right to enjoy comforts and necessaries of life shall be recognized by wholesome laws exempting from forced sale a homestead whose value shall be limited and defined by law, to heads of families, and a reasonable amount of personalty, the kind and value of which to be fixed by general laws; and Art. 6, Sec. 18, providing that no law shall be passed granting to any citizens, classes of citizens * *, privileges or immunities which upon the same terms shall not equally belong to all citizens * *; since the constitution does not authorize the Legislature to discriminate between debtors or creditors so that debtor may enjoy benefits of his exemption as against one class of creditors that he may not enjoy against another class, nor that one class of creditors may have advantages over another class in the means of collecting their debts; that under said chapter the amount of a debtor's exemption depends upon nature of his debts, and as against certain classes of claims he has none except absolute exemptions, while as against other classes he is allowed additional exemptions to extent of $750 of personalty, (Sec. 2659), a cor-

responding discrimination being therein made as between different classes of creditors, to-wit, laborers, physicians, and one supplying debtor with necessaries of life; the laborer having immediate execution, while a physician must wait six months after claim accrued; all of these discriminations being prohibited by said Art. 21, Sec. 4, while such discriminations are prohibited by Art. 6, Sec. 18; that size and value of homestead and kind and value of personalty that is exempt by constitutional provision is left entirely to wisdom of Legislature, but whatever the value of homestead or kind and value of personalty, the exemption must be allowed to all debtors alike.

Smith, P. J., concurring; Whiting, and Gates, JJ., dissenting.

Appeal from Circuit Court, Moody County. Hon. Joseph W. Jones, Judge.

Action by James O'Leary, against O. Croghan, to recover upon a promissory note. From an order therein overruling defendant's motion to set aside defendant's personalty as exempted, etc., he appeals. Reversed.

*F. A. Warren,* for Appellant.
*Rice & Rice,* for Respondent.

Appellant cited:
Bofferding v. Mengelkoch, et al., (Minn.) 152 N. W. 135; Coleman v. Ballandi, 22 Minn. 147; Tuttle v. Strout (Minn.) 82, Am. Dec. 108; Burrows v. Brooks, (Mich.) 71 N. W. 460; Maclam v. City of Marquette, 111 N. W., 1682; O'Connell v. Menominee Bay Shore Lumber Co., 71 N. W. 449; Chicago, Milwaukee & St. Paul Railway v. Westby, 178 Fed. 619; State v. Doran (S. D.) 134 N. W. 53.

Respondent cited:
Burrows v. Brooks, (Mich.) 71 N. W. 460; McBride v. Reitz, 19 Kan. 123, 126; and submitted that:

The right of legislatures to classify different classes of creditors is fully sustained; citing Hamilton Nat'l Bank v. Amster. (Tenn.) 184 S. W. 5; Gordon v. Wageman, 108 N. W. 1067; Singer v. Fleming, 58 N. W. 226, 23 L. R. A. 210; 42 Am. St. Rep. 613; Paddock v. Balgord, 2 S. D. 100; In re Koeppler, 75 N. W. 789; Schaff v. South Dakota Rural Credit Board, 164 N. W. 964; Missouri, etc. v. Harris, 234 U. S. 412, 58 L. Ed., 1377, 34 Sup. Ct. Rep. 790.

POLLEY, J. The only question presented for determination on this appeal is the constitutionality of chapter 150, Laws of 1911.

Section 4 of article 21 of the Constitution reads as follows:

"4. *Exemptions.*—The right of the debtor to enjoy the comforts and necessaries of life shall be recognized by wholesome laws exempting from forced sale a homestead, the value of which shall be limited and defined by law, to all heads of families, and a reasonable amount of personal property, the kind and value of which shall be fixed by general laws."

Pursuant to the mandate contained in this section, the first Legislature that convened after the adoption of the Constitution enacted chapter 86, Laws of 1890, which has become known as the general exemption law.

Section 18, art. 6, of the Constitution, provides that—

"No law shall be passed granting to any citizen, class of citizens or corporation, privileges or immunities which upon the same terms shall not equally belong to all citizens or corporations."

Chapter 150, Laws of 1911 (section 2668, Rev. Code 1919), reads as follows:

"Nothing in this chapter shall be so construed as to exempt any personal property from mesne or final process for laborers' or mechanics' wages or physicians' bills, or for the necessaries of life, including only food, clothing and fuel, provided for the debtor or his family, except property absolutely exempt: * * * Provided, that in case of physicians' bills or for necessaries of life, there shall also be exempt household and kitchen furniture, including stoves, of the debtor, to an amount in value not exceeding four hundred dollars, and also two cows; provided, however, that the collection of physicians' bills shall not be enforced by legal process in less than six months from the accruing thereof except when the debtor is about to remove from the state."

It is the contention of appellant that this law divides creditors into several classes, giving certain of these classes advantages and preferences over other classes in the matter of the collection of their debts; that in giving or attempting to give such preference the Legislature violated the above constitutional provisions; and that said law is unconstitutional and void.

The exemption law of 1890 (sections 2657-2661, inclusive, Code of 1919) enumerates certain classes of property, including a homestead of limited size and value, which shall be exempt from forced sale as against all claims of every kind and character (section 2657, Code of 1919). It then enumerates various items of personal property that may be selected by the debtor in case an attempt is made to subject such property to the payment of his debts. To this extent the action of the Legislature is in strict obedience to the mandate of the Constitution, but the Constitution does not authorize the Legislature to discriminate between debtors or creditors so that a debtor may enjoy the benefits of his exemption as against one class of creditors that he may not enjoy against another class; nor that one class of creditors may have advantages over another class of creditors in the means of collecting their debts. Under the provisions of chapter 150, Laws 1911, the amount of a debtor's exemptions depends upon the nature of his debts. As against certain classes of claims he may not be allowed any exemptions at all except such as are denominated absolute exemptions, while as against other claims he may be allowed additional exemptions to the extent of $750 worth of personal property, as provided by section 2659, or the alternative exemptions enumerated in section 2660. A corresponding discrimination is made as between different classes of creditors. A laborer or mechanic may satisfy his claim for wages out of any property of the debtor, except that made absolutely exempt, and may have immediate execution. A physician and one who has supplied the debtor with the necessaries of life must leave the debtor $400 worth of household and kitchen furniture, including stoves, and also two cows, in addition to his absolute exemptions; and the creditor who furnished the necessaries of life may have immediate execution, but a physician cannot have execution until six months after the accruing of his claim. None of these discriminations are authorized by section 4 of article 21 of the Constitution; while, on the other hand, such discriminations are expressly prohibited by the provisions of section 18, art. 6. The size and value of the homestead and the kind and value of the personal property that shall be exempt is left entirely to the wisdom of the Legislature. Its judgment on these matters is final. But whatever the value of the homestead

and whatever the kind and value of the personal property that is allowed as exempt must be allowed to all debtors alike. The discriminations that have been attempted by the Legislature may be wise and in the interest of the public at large, but until the Constitution has been changed the Legislature is without authority to make them. In dicussing a similar provision in the Constitution of Minnesota, the Supreme Court of that state, in Coleman v. Ballandi, 22 Minn. 147, said;

"This provision of the Constitution imposes upon the Legislature the duty of exempting from seizure or sale, for the payment of any debt or liability, a reasonable amount of property, and of determining such amount by law. · In the discharge of this duty, and the exercise of its undoubted power, its judgment and discretion as to the amount of the exemption, and its reasonableness, are final and conclusive, and it may increase or diminish such amount from time to time, according to its own views of an enlightened public policy. Beyond this, however, it cannot constitutionally go. · Discrimination, in its exemption laws, between different classes of creditors and kinds of debts or liabilities, is a species of class legislation which is absolutely prohibited. This must be regarded as the settled doctrine in this state."

The same rule was followed in Bofferding v. Mengelkoch, 129 Minn. 184, 152 N. W. 135, and in Burrows v. Brooks, 113 Mich. 307, 71 N. W. 460. If the Legislature could except a debt due for "necessaries" from the benefit of the exemption law, it could except any or all other debts, and, in that way, deprive a debtor of all benefit of the Constitution on this subject. Donaldson v. Voltz, 19 W. Va. 156; Tuttle v. Strout, 7 Minn. 465 (Gil. 374) 82 Am. Dec. 108.

· Careful consideration has been given to the very exhaustive argument presented by respondent's counsel, but, as there is nothing doubtful or difficult of construction in the constitutional provisions involved, a review of such argument would serve no useful purpose. We are satisfied that, in enacting chapter 150, Laws of 1911, the Legislature exceeded its constitutional power, and that said law is void.

The order appealed from is reversed.

SMITH, P. J. (concurring). The Constitution says, in language too plain to need interpretaton, that a reasonable amount

of personal property shall be exempt to all persons, and under that constitutional requirement the Legislature has itself declared what constitutes such reasonable exemptions in the general exemption law.. The Constitution does not mean that citizens may be classified, and a certain exemption allowed one class and a different exemption or no exemption granted to another class— for example, that farmers may be given one exemption and merchants another because the difference in condition may be sufficient ground for a classification of such persons or occupations. · The fallacy in the argument of respondent lies in that, by its logical application and effect, the Legislature may grant one person a reasonable exemption and deprive another of any exemption whatever. Respondent's counsel say:

"The exemption is granted to all alike. All debtors can claim the privilege of the exemption law as to such debts."

But—

"any person furnishing food, fuel, or clothing, any properly· licensed physican, and any workman for wages can claim the benefit of the exception to the exemption law."

Granting an exemption to a debtor, with a provision under which it may be immediately seized and sold for a debt or class of debts, is equivalent to denying any exemption to such person. The statute is a classification of debts and not of debtors. It is, in reality, a classification of creditors with special privileges, and one of the favored class is now claming the privilege of depriving the debtor of his exemption.

But the Constitution says that—

"No law shall be passed granting to any citizen or class of citizens, privileges * * * which upon the same terms shall not equally belong to all citizens."

I am unable to see how it can be claimed that a statute allowing the debts of certain classes of creditors to constitute an exception to the general exemption law falls short of granting a privilege which does not belong equally to all citizens (creditors). The Constitution expressly forbids the granting of special privileges to any class of citizens. Special privileges, to be constitutional, must be granted to all citizens equally. To hold that, because distinctions may exist which justify a classificaton of creditors, debtors are to be denied exemptions in every case where

such a classification of creditors may be justified, is certainly a non sequitur. The fact that the constitutionality of such legislation has not heretofore been challenged, to my mind, is not an argument sufficiently persuasive to justify a continued violation of the Constitution.

The considerable number of legislative enactments which in effect deprive citizens of the amount of personal property exemptions which the Legislature itself has declared to be "reasonable," in the general exemption law, but emphasizes the propriety and duty of enforcing the constitutional provision.

A discussion of exemption laws in existence prior to the adoption of the Constitution is not convincing, when it is remembered that the Constitution itself repealed all laws in conflict with its provisions, and contained a direct mandate to the Legislature to enact laws which should enforce—
"the right of the debtor to enjoy the comforts and necessaries of life * * * by wholesome laws exempting from forced sale * * * a reasonable amount of personal property, the kind and value of which to be fixed by general laws"
—and not by exceptions to the general exemption law in favor of favored classes of creditors.

The judgment should be reversed.

WHITING and GATES, JJ. (dissenting). Our colleagues are of the opinion that section 2668 of our Code is unconstitutional—that it violates section 18, art. 6, in that such statute "divides creditors into several classes, giving certain of these classes advantages and preferences over other classes"; or, as one of our colleagues puts it: "The statute is a classification of debts and not of debtors. It is, in reality, a classification of creditors with special privileges." We are of the opinion that our colleagues have failed to give any proper effect to the words "upon the same terms," which are found in the above section of the Constitution. Furthermore, we are of the opinion that the Legislature has plenary power to declare what to it seems "a reasonable amount of personal property" (section 4, art. 21, Const.) to be allowed as exempt upon certain "terms"—that is, under any certain named conditions, state, or circumstances—just so long as it applies to all persons alike when the conditions, state, or circumstances are the same. Webster defines "terms" as "condi-

tions; state; circumstances, esp. circumstances that limit or control."

There has never been a time in the history of this state or the former territory of Dakota when the Legislature did not assume the right to classify exemptions, basing such classification on those differences in conditions, state, or circumstances which it believed sufficient to limit or control its action. A statute similar to the one now before us was section 9, c. 37, Laws 1862, and this section was amended by chapter 8, Laws 1865-66, section 332, C. C. P. 1877, and chapter 34, Laws 1881. In territorial days we find, as early as 1877, the Code sections 333, 334, Code 1877, declaring, as do sections 2670-2672 of our present Code, that certain persons should not be entitled to any exemptions, and that the so-called "additional" and "specific alternative" exemptions could not be claimed, or else claimed in a limited amount only, as against judgments for certain kinds of debts. As early as 1883 we find section 1, c. 50, Laws 1883, providing, as does section 2669 of our present Code, that no property should be exempt as against a judgment for the purchase price thereof. It is interesting, and we believe entitled to great weight in construing our Constitution, to note the legislation of the first state Legislature, composed, in large part, of men who had been members of the constitutional conventions. Such Legislature amended sections 323-325, Code 1877, being the sections from which we have derived our present sections 2658-2660. The sections then enacted, just as our present sections, gave to the head of the family "additional" exemptions to the amount of $75c, to a single person "additional" exemptions to an amount of $300 only; gave to a debtor with a family "specific alternative" exemptions of household goods to the value of $200, while all other debtors could make no claim of household goods as "specific alternative" exemptions; gave to a farmer, if the head of a family, "specific alternative" exemptions that might amount to over $2,000 in value—much in excess of what he could claim as "additional" exemptions—while another debtor, such as a merchant who might not chance to have the right kind of property to be claimed as "specific alternative" exemptions, was restricted to a claim of "additional" exemptions; and gave to a mechanic as "specific alternative" exemptions tools to the value of $200, to a lawyer or

doctor a library to the value of, not $200, but $300, while any other person who chanced to own such tools or library could not claim same as "specific alternative" exemptions. This same Legislature left unamended every other exemption statute then in existence.

Under the rule announced by our colleagues, every exemption law passed by such Legislature, as well as every law which it left unamended was, and ever since—together with all subsequent amendments thereof—has been, unconstitutional, and we have not now, and never have had since statehood, any exemption statute that conformed to section 18, art. 6, of the Constitution, unless it be subdivisions 1-6 of section 2658, and the corresponding parts of previous statutes. The only thing that could consistently be urged by our colleagues as saving our homestead exemption is that section 4, art. 21, specifically limits such homesteads to "heads of families." If it were not for such provision, our homestead law would, under the view of our colleagues, be unconstitutional, because the Legislature would have no right to discriminate and classify exemption according to the existing "terms," to wit, as between heads of families and those not heads of families. But it may well be asked, how could our colleagues uphold our homestead law, providing, as it does, not a homestead which shall be alike to all persons, but two homesteads, one for the farmer, another for the resident of a city, homesteads alike only in that there is the same limit as to value, but differing as to size. If the Legislature cannot differentiate exemptions because of a difference in the nature of the debts, it cannot differentiate because of a debtor's occupation, nor because one debtor may be the head of a family and another not. No one would contend that the territorial Legislature was so restricted in its powers. What, then, is there, in any section of our Constitution, that in any way takes from the state Legislature the power which it concededly would have had were it not for such section? All we can find is a mandate directing that there should be exemption laws that will insure the rights of debtors to enjoy the comforts and necessaries of life. There is not one word that directs or requires such laws to apply the same to all kinds of persons regardless of personal status or occupation, or to all kinds of debts regardless of the origin. A Legislature might well con-

clude that, in order for a poor man to have a credit sufficient to enable him to provide his family with food, clothing, and fuel, the merchant to whom he goes to purchase goods must know that, if he gives such party credit, such party cannot refuse to pay for such necessaries and prevent the collection of the purchase price thereof while the owner of perhaps $2,000 worth of property.

Appellants cites decisions of the Minnesota and Michigan courts in support of his position. The decisions of these courts seem to rest upon the term "any debt," as used in those sections of their Constitutions corresponding to our section 4, art. 21. The courts of those states hold that their Constitutions give to the Legislature only the power to specify the property or limit the amount in value that shall be exempt; they hold that then the property so specified or property to the amount named is exempt from "any debt," thus holding that their Constitutions take from the Legislatures the power to differentiate between "debts." We are not impressed with the soundness of the reasoning back of these decisions, especially when considered in the light of the fundamental proposition that a state Legislature has all power not conferred upon the federal government or taken from it by state Constitution.

Section 18, art. 6, Const., does forbid class legislation where there is no sufficient warrant for the attempted classification; but it is uniformly held that such a constitutional provision, forbidding only a classification between persons or things which are "upon the same terms," does not forbid Legislatures from making classifications based upon difference in the terms—the conditions, state, or circumstances surrounding the persons or things classified—all that such section requires is that a law shall have substantially the same application as to all persons or things under substantially the same conditions, state, or circumstances. Bon Homme County v. Berndt, 13 S. D. 309, 83 N. W. 333, 50 L. R. A. 351; In re Watson, 17 S. D. 486, 97 N. W. 463, 2 Ann. Cas. 321; State v. Doran, 28 S. D. 486, 134 N. W. 53; Schaaf v. Rural Credits Board, 39 S. D. 377, 164 N. W. 964; C., M. & St. P. Ry. Co. v. Westby, 178 Fed. 619, 102 C. C. A. 65, 47 L. R. A. (N. S.) 97. Absolutely the only restrictions placed upon the Legislature by section 4, art. 21, are that the right of every

debtor must be recognized by exemption laws, there must be a homestead exemption to "heads of families;" and the homestead must be defined and limited in value. Except as so restricted, the power of the Legislature is plenary. The Legislature can say what is a "reasonable amount of personal property" to be exempt in case of a head of a family or in case of a single person; it can say what is a "reasonable" exemption in cases of debts for necessities purchased, taking into consideration the best interests of the debtors themselves and so as to assure to such debtors the "necessaries of life"; it can fix the law so that a man with ten children can hold as exempt more clothing and food than the man with one or none it can amend section 2659, not only so as to distinguish between a single person and a married person, but so as to allow the head of a large family more than the head of a small family; it can enact a section such as section 2660, which it could not do if our colleagues are right; it can exempt proceeds of life insurance policies as it does in section 2661, but could not do if our colleagues are right; it can enact sections such as sections 2668-2672, no one of which is constitutional under the majority holding.

If in doubt as to the correctness of our conclusions, we should resolve such doubt in favor of the constitutionality of the statute—not only because of that rule, so often announced by this court, that no statute should be held unconstitutional unless the fact of its unconstitutionality is beyond reasonable doubt, but because of almost 30 years of universal acceptance of and acquiescence in the validity of our exemption laws by the people, the legislators, and even the courts. 6 R. C. L. 75-101; 12 C. J. 714, 715.

The order appealed from should be affirmed.