[No. 19121. *En Banc.* June 18, 1925.]

ANTONI VERINO, *Respondent,* v. C. W. HICKEY *et al.,*
*Appellants.*[1]

CONSTITUTIONAL LAW (100, 102)—TAXATION (39)—CLASS LEGIS-
LATION—PRIVILEGES AND IMMUNITIES—IMPAIRMENT OF RIGHTS—EX-
EMPTIONS. Rem. Comp. Stat., § 564, providing that no property shall
be exempt from execution for clerk's, laborer's or mechanic's wages
earned within the state, is violative of Const. Art., 1, § 19, providing
that the legislature shall protect by law from forced sale a certain
portion of the homestead and other property of all heads of families
(which was done by the Territorial legislature and adopted by the
Constitution, making the provision self-executing); and also viola-
tive of Art. 1, § 12, providing that no law shall be passed granting
to any citizen or class privileges or immunities which upon the same
terms shall not equally belong to all citizens.

Appeal from an order of the superior court for
Pierce county, Clifford, J., entered October 10, 1924,
adjudging community personal property subject to
execution sale, after a hearing before the court. Re-
versed.

*John E. Belcher,* for appellants.

*Rickabaugh & McElroy,* for respondent.

PARKER, J.—This is an appeal by the defendants,
Hickey and wife, from an order of the superior court
for Pierce county decreeing that certain personal prop-
erty owned by them as their community property is
subject to execution and sale towards the satisfaction
of a judgment rendered by that court in favor of the
plaintiff, Verino, and against them as a community;
they claiming the property to be exempt from such
execution and sale.

In September, 1924, there was duly rendered by de-
fault, in the superior court for Pierce county, a judg-

[1]Reported in 237 Pac. 5.

ment in favor of the plaintiff and against the defendants as a community in the sum of $631.30 for work and labor performed for them by the plaintiff. Execution was issued upon the judgment, under which the sheriff, at the instance of the plaintiff, levied upon and seized community personal property of the defendants and threatened sale thereof towards the satisfaction of the judgment. Thereupon the defendants duly made claim to the property as exempt. The question of such claim of exemption was, by appropriate proceeding, brought before the superior court in that action for determination, resulting in an order disposing of the controversy as above noticed.

It is conceded on both sides of this controversy that the property so seized and here drawn in question, it being household furniture and wearing apparel, is all within the classes of exempt personal property enumerated in § 563, Rem. Comp. Stat. [P. C. § 7851], and would be exempt from seizure and sale towards the satisfaction of an ordinary money judgment rendered against the community composed of the defendants; but it is contended in behalf of the plaintiff that none of such property is exempt from seizure and sale towards the satisfaction of this judgment, because it was rendered in favor of the plaintiff for work and labor performed by him for defendants; the following provision of § 564, Rem. Comp. Stat. [P. C. § 7852], being invoked in that behalf:

"No property shall be exempt from execution for clerk's, laborer's or mechanic's wages earned within this state, . . . : Provided, that nothing herein shall be construed as repealing or in any wise affecting section 703, infra."

Section 703 [P. C. § 8022], referred to in this quoted language, exempts:

"Current wages or salary to the amount of one hundred dollars ($100) for personal services rendered by any person having a family dependent upon him for support, . . ."

It is contended in behalf of the plaintiff that the above quoted language of § 564 is violative of § 1, Art. 19, of our constitution, providing that:

"The legislature shall protect by law from forced sale a certain portion of the homestead and other property of all heads of families."

and also violative of § 12, Art. 1, of our constitution, providing that:

"No law shall be passed granting to any citizen, class of citizens, or corporation, other than municipal, privileges or immunities which, upon the same terms, shall not equally belong to all citizens or corporations."

In so far as applicable to our present problem, § 563, Rem. Comp. Stat. [P. C. § 7851], providing for and enumerating general personal property exemptions, has come to us from territorial days (Code of 1881, § 347; Laws of 1886, p. 96) and has remained in full force and effect so as to render the defendants' property here in question exempt from execution and forced sale except as that section may have been constitutionally modified by the language of § 564, Rem. Comp. Stat., above quoted, which was enacted by the legislature long after the adoption of our constitution and the admission of our state into the union. Laws of 1897, p. 93; Laws of 1901, p. 323; Laws of 1903, p. 135. The exemption and the equal privileges and immunities guarantees of our constitution above quoted were embodied in and have remained a part of that fundamental law since its original adoption in 1889. There were also originally embodied in and have remained in full force as part of § 2, Art. 27, thereof, these words:

"All laws now in force in the territory of Washington which are not repugnant to this constitution shall remain in force until they expire by their own limitation, or are altered or repealed by the legislature."

Thus it becomes apparent that our constitutional exemption mandate became self-executing by the adoption of the territorial exemption statute then in force, to so remain until constitutionally changed by the legislature. This, it must be conceded, in the light of the authorities, means that the legislature can modify the exemption statutes as they existed at the time of the adoption of the constitution; but it is equally plain, in the light of the authorities, that the legislature cannot constitutionally practically destroy all exemption rights or enact exemption laws in violation of the equal privileges and immunities guaranty of the constitution.

This is not a question of enforcing a specific lien claim against generally exempt property of a debtor, as was drawn in question in *Oregon Mortgage Co. v. Hersner,* 14 Wash. 515, 45 Pac. 40, and *Brace & Hergert Mill Co. v. Burbank,* 87 Wash. 356, 151 Pac. 803, Ann. Cas. 1917E 739. It is a question of a general creditor without any specific lien right having superior rights over another general creditor without specific lien right, by reason of their claims differing only with respect to what gave rise to them. In other words, can the legislature constitutionally classify general debtors and general debts upon a basis of differing natures of the debts, so that all debtors shall not have equal immunity of exemption as against all forced sales to satisfy all their general debts. This problem seems to have been first answered in this country from a constitutional viewpoint substantially as here presented, in 1862 by the supreme court of Minnesota in *Tuttle v. Strout,* 7 Minn. 465, 82 Am. Dec. 108. Chief Justice Emmett, speaking for that court, said:

"The questions presented for our consideration in this action, involve the constitutionality of the act entitled 'An Act for a Homestead Exemption,' passed March 12, 1858. . . . The plaintiff claims that that portion of the act which excepts from the exemption provided, debts or liabilities for wages due to clerks, laborers or mechanics, is in direct conflict with section 12 of the Bill of Rights, which directs that 'a reasonable amount of property shall be exempt from seizure or sale, for the payment of any debt or liability. . . .' In regard to the question raised by the plaintiff, we cannot resist the conclusion that the ninth section of the act conflicts with section twelve of the Bill of Rights. The language of the constitution is too plain, to admit of a serious doubt, either as to its interpretation or application to the act under consideration. 'A reasonable amount of property shall be exempt from seizure or sale for the payment of *any debt or liability.*' This includes debts or liabilities of every kind or description, without exception; and it certainly requires no argument to show that a sum of money due for services rendered by a clerk, laborer or mechanic, is a debt or liability. The constitution makes no exception in favor of any particular class of persons, or kind of debts or liabilities; nor should we recognize the right of the legislature to make any such distinctions. If one class of persons, or kind of debts or liabilities, may be excepted, all may be; and the constitutional provision might thus be rendered entirely nugatory."

The court concluded that the exception in favor of the particular class of creditors which the statute in question sought to favor as against general debtors' exemption rights was unconstitutional. All general debtors' exemption rights as against all general creditors were thus left uniform and unimpaired. We do not overlook the words "any debt or liability" in the Minnesota constitutional exemption provision there quoted; but are not the unqualified words "forced sale" in our exemption constitutional provision fully as comprehensive and all embracing? We think so, at

least in so far as the debtor's exemption rights as against his general creditors are concerned. In *Sampson & Keene v. Williamson,* 6 Tex. 102, the court having occasion to interpret the words "forced sale" as used in the Texas constitution in substantially the same connection as they are used in our constitution, said:

"A forced sale has been defined to be a sale made at the time and in the manner prescribed by law, in virtue of an execution issued on a judgment already rendered by a court of competent jurisdiction."

A critical reading of that decision will disclose that the court gave to these words even a more comprehensive meaning than it is here necessary to give them to protect the defendants' claimed exemption rights; since in that decision the words were construed as preventing a judicial sale to enforce a claimed specific lien. In *Bofferding v. Mengelkoch,* 129 Minn. 184, 152 N. W. 135, the supreme court of Minnesota adhered to its view of the law as expressed in *Tuttle v. Strout, supra,* reviewing some of its decisions rendered in the meantime. In *Burrows v. Brooks,* 113 Mich. 307, 71 N. W. 460, the supreme court of Michigan characterized similar legislative enactments as class legislation, holding that exemption rights could not be so impaired, citing and following the Minnesota doctrine. In *O'Leary v. Croghan,* 42 S. D. 210, 173 N. W. 844, we find the court dealing with constitutional exemption and equal privileges and immunities provisions in substance identical with ours, citing and bringing to the support of its conclusions the Minnesota doctrine, with very pertinent observations in the prevailing opinion by Judge Polley, as follows:

"The Constitution does not authorize the legislature to discriminate between debtors or creditors so that a debtor may enjoy the benefits of his exemption as against one class of creditors that he may not enjoy against another class; nor that one class of creditors

may have advantages over another class of creditors in the means of collecting their debts. Under the provisions of chapter 150, Laws 1911, the amount of a debtor's exemptions depends upon the nature of his debts. As against certain classes of claims he may not be allowed any exemptions at all except such as are denominated absolute exemptions while as against other claims he may be allowed additional exemptions. . . . None of these discriminations are authorized by section 4 of article 21 of the Constitution [exemption provision]; while, on the other hand, such discriminations are expressly prohibited by the provisions of section 18, art. 6 [equal privileges and immunity provision]. The size and value of the homestead and the kind and value of the personal property that shall be exempt is left entirely to the wisdom of the legislature. Its judgment on these matters is final. But whatever the value of the homestead and whatever the kind and value of the personal property that is allowed as exempt must be allowed to all debtors alike. . . . In discussing a similar provision in the Constitution of Minnesota, the Supreme Court of that state, in *Coleman v. Ballandi,* 22 Minn. 147, said:

" 'This provision of the Constitution imposes upon the Legislature the duty of exempting from seizure or sale, for the payment of any debt or liability, a reasonable amount of property, and of determining such amount by law. In the discharge of this duty, and the exercise of its undoubted power, its judgment and discretion as to the amount of the exemption, and its reasonableness, are final and conclusive, and it may increase or diminish such amount from time to time, according to its own views of an enlightened public policy. Beyond this, however, it cannot constitutionally go. Discrimination, in its exemption laws, between different classes of creditors and kinds of debts or liabilities, is a species of class legislation which is absolutely prohibited.' "

There has not come to our attention any judicial opinion sanctioning such a legislative discrimination between classes of general creditors or classes of general debts as against general exemption rights as are drawn

in question in this case, except the dissenting opinion of two of the South Dakota judges in *O'Leary v. Croghan, supra,* and the opinion of the learned judge of the United States district court in *In re Vonhee,* 238 Fed. 422, in which latter decision that learned judge observed: "The bankrupt has cited no authority in support of his contention that section 564, Rem. Comp. Stat., is unconstitutional." He had no light from this court as to its views upon this question; and besides, the question does not seem to have been urged upon him with sufficient seriousness to call for any extended research with reference thereto. The question being presented in such perfunctory manner, he was, of course, fully warranted in indulging the presumption of the constitutionality of the exemption provision. The decisions in *Cumming v. Bloodworth,* 87 N. C. 83; *Donaldson v. Voltz,* 19 W. Va. 156, and *Volker-Scowcroft Lumber Co. v. Vance,* 32 Utah 74, 88 Pac. 896, 125 Am. St. 828, while not directly in point, each contain observations strongly suggesting the conclusion we here reach being a correct view of the law. We are of the opinion that the provision of § 564, Rem. Comp. Stat., *supra,* that "no property shall be exempt from execution for clerk's, laborer's or mechanic's wages earned within this state" is an unconstitutional impairment of the defendants' exemption rights as against general creditors, here asserted by them.

The order of the superior court decreeing that the community property of the defendants here drawn in question is subject to execution and sale towards the satisfaction of the plaintiff's judgment is reversed, and the cause remanded to that court with directions to enjoin such sale and award return of the property to the defendants.

TOLMAN, C. J., MAIN, MITCHELL, MACKINTOSH, HOLCOMB, and ASKREN, JJ., concur.

BRIDGES, J. (concurring) — The court's opinion is rested on both the exemption from forced sales and the equal privilege and immunity clauses of our constitution. I prefer to base my concurrence on the exemption clause only. Our constitution expressly provides that a certain portion of the homestead and other property shall be exempt from forced sale. This means all forced sales. The legislature has undertaken to say that no property shall be protected from forced sales as against judgments based on "clerks, laborers or mechanics wages." The constitution does not make any exception, nor does it permit the legislature to make any. At least "a certain portion" of the personal property which the legislature has set aside as exempt is exempt as against every man. Many of the state constitutions which were adopted before ours expressly authorize a forced sale as against exempt property in favor of mechanics, laborers and others wages. Our constitution makers must have been aware of these provisions and must have deliberately determined that, under no circumstances, should all exempt property be subject to forced sale. The constitution has foreclosed all discussion concerning the wisdom of such legislation as is concerned here.