[No. 22145. *En Banc.* December 16, 1929.]

LILLIE BILYEU, *Respondent,* v. FIRST NATIONAL BANK OF EPHRATA, *Appellant.*[1]

*William M. Clapp,* for appellant.

*E. W. Schwellenbach,* for respondent.

[1]Reported in 283 Pac. 169.

PARKER, J.—The plaintiff, Mrs. Bilyeu, commenced this action in the superior court for Grant county, seeking a decree quieting her title to a small tract of land and the dwelling house situated thereon in that county, owned, occupied and claimed by her as her homestead, exempt from execution and forced sale as against the claim of the defendant bank; its claim being rested upon a general execution sale of the premises as evidenced by a sheriff's certificate thereof issued to it as purchaser at such sale. The bank demurred to Mrs. Bilyeu's complaint, which demurrer was by the court overruled, and it electing to not plead further, final judgment was rendered awarding to Mrs. Bilyeu relief as prayed for by her, from which the bank has appealed to this court.

The controlling facts may be summarized as follows: Mrs. Bilyeu has been, for several years past, a divorced woman, having in her custody and control her minor son dependent upon her. At all times in question, Mrs. Bilyeu has owned and resided with her dependent minor son upon the premises in question, which have been and are now of the value of not exceeding $1,000. On December 21, 1925, the bank was, by the superior court of Grant county, awarded a judgment against Mrs. Bilyeu, foreclosing a mortgage upon other property, and, incident thereto, a personal deficiency judgment against her for the sum of $3,968. On December 26, 1928, the bank caused a general execution to be issued upon the deficiency judgment looking to the sale of Mrs. Bilyeu's property, including the premises claimed by her as a homestead. On January 30, 1929, before the date of the sale, as fixed by the sheriff's notice of sale, Mrs. Bilyeu executed and caused to be recorded in the office of the auditor of Grant county her declaration of homestead, in due

form as provided by statute, claiming the premises as her homestead and as such exempt from sale under execution. On February 2, 1929, the sheriff, in pursuance of his notice of sale, sold the premises to the bank, executed and delivered to the bank a certificate of sale and filed return thereof in the office of the clerk of the superior court accordingly. On February 20, 1929, Mrs. Bilyeu commenced this action in the superior court for Grant county, seeking cancellation of the certificate of sale issued by the sheriff to the bank and the quieting of her title to the premises as against the claim of the bank rested upon the execution sale and certificate thereof. Judgment followed awarding relief to Mrs. Bilyeu as above noticed, from which this appeal is prosecuted.

We regard our recent decision in *Spencer v. Pacific Mercantile Agency Collectors, ante* p. 191, 281 Pac. 482, as decisive in favor of Mrs. Bilyeu in this case; holding, in substance, that Spencer could effectually claim his homestead right by filing declaration thereof "at any time before sale" under execution issued upon that judgment, as provided by § 342, Code of 1881, Rem. Comp. Stat., § 529, although by chapter 193, Laws of 1927, p. 265, that section was repealed, because the judgment against Spencer sought to be satisfied by the execution sale was rendered before the passage of the act of 1927; that is, rendered when § 342, Code of 1881, Rem. Comp. Stat., § 529, was the law providing that "homestead may be selected at any time before sale." The decisions in *Verino v. Hickey,* 135 Wash. 71, 237 Pac. 5, and *Bull v. Conroe,* 13 Wis. 260, dealing with legislative changes in exemption statutes, lend strong support to our conclusion. The decisions in *Gilbert v. Ackerman,* 159 N. Y. 118, 53 N. E. 753, 45 L. R. A. 118; *Osborne v. Lindstrom,* 9 N. D. 1, 81 N. W. 72, 46 L. R. A. 715, and *Lamb v.*

*Powder River Live Stock Co.,* 132 Fed. 434, 67 L. R. A. 558, though dealing with legislative changes in statutes of limitation, also by analogy, lend support to our conclusion.

The judgment is affirmed.

TOLMAN, HOLCOMB, FRENCH, MAIN, BEALS, and MILLARD, JJ., concur.