# THE HOME LUMBER COMPANY, A Corporation, Appellant, v. HECKEL, et al, Respondents
## (293 N. W. 549.)

(File No. 8330. Opinion filed August 16, 1940.)

**J. M. Berry,** of Ipswich, for Appellant.
**Paul Kretschmar,** of Eureka, for Respondents.

RUDOLPH, J. The defendant, Adolph Heckel, is the owner of a certain eighty acres in McPherson County. In 1928, Heckel and his wife, Rose Heckel, decided to build upon this land and make the place their home. This decision and intention was communicated to the plaintiff, Home Lumber Company, and this company was asked to make an estimate of the cost for the construction of a house upon this land. This estimate was made and the house built and immediately occupied by Adolph Heckel and his family as their home. Following the construction of the house and within the time allowed by law, the Home Lumber Company filed a mechanics' lien against the premises. In this action the lumber company is asserting a right to foreclose this purported lien. The trial court held adversely to the plaintiff and plaintiff has appealed from the judgment entered.

█ Under the decisions of this court it is clear that the premises in question constituted the homestead of the Heckels. Adolph Heckel and his wife both intended that the new house which was built upon the premises should be their home, and this intention was fully complied with by the immediate occupancy of the house by the Heckels and the use of the premises as their home. Furthermore, this intention was communicated to the plaintiff at the time the materials which furnished the basis for the claimed lien were purchased. Cf. Kingman v. O'Callaghan et al., 4 S. D. 628, 57 N. W. 912; Jensen v. Griffin, 41 S. D. 30, 168 N. W. 764; Jensen v. Griffin, 46 S. D. 55, 190 N. W. 319.

█ The premises in question being the homestead of the Heckels, the question presented is whether the mechanics' lien as filed will attach to the homestead. Prior to the amendment of Section 455, R. C. 1919, by the enactment of Chapter 142, Laws of 1927, such lien did not attach to the homestead. Fallihee v. Whittmayer, 9 S. D. 479, 70 N. W. 642; Robert Burns Lumber Co. v. Peterson, 48 S. D. 92, 202 N. W. 387. Chapter 142, Laws of 1927, (Now SDC 51.1707) provides, in part, "The homestead may be sold * * * for the agreed or reasonable costs of the material furnished or labor performed in the original erection and construction of

buildings thereon." Respondent challenges the constitutionality of this law. Section 4, Article 21, Constitution of South Dakota, provides: "The right of the debtor to enjoy the comforts and necessaries of life shall be recognized by wholesome laws exempting from forced sale a homestead, the value of which shall be limited and defined by law, to all heads of families, and a reasonable amount of personal property, the kind and value of which to be fixed by general laws."

Construing this constitutional provision together with Section 18, Article 6, this court in the case of O'Leary v. Croghan, 42 S. D. 210, 173 N. W. 844, 6 A.L.R. 1134, held, insofar as applicable to the facts now before us, that the legislature has power under these constitutional provisions to define the homestead and specify the property or limit the amount in value that shall be exempt; but having specified the property and limited the amount, the power of the legislature ceases. There is no power in the legislature to differentiate between debts by providing that the homestead as defined, or property declared exempt shall be subject to certain debts but not to others. This holding has been the established law in this state for more than twenty years, and there has been no attempt within that time to amend the Constitution or disturb the law as announced in that opinion. It is interesting and significant to note in this connection that as early as 1893 the legislature submitted to the people of this state a proposed amendment (chapter 39) to Section 4 of Article 21 of the State Constitution, by which it was provided that mechanics' liens could be enforced against the homestead, but which proposed amendment was defeated by the people in the 1894 election. While this action of the legislature in submitting the proposed amendment would not be conclusive on the court in construing the constitutional provision, it does, we believe, indicate that the legislature of that early date was at least in doubt as to its authority to subject the homestead to a mechanics' lien. Following the decision by the Minnesota court in Coleman v. Ballandi, 22 Minn. 144, upon which this court relied in the O'Leary v. Croghan case, supra, the Minnesota Constitu-

tion was amended so as to subject exempt property to the payment of material or labor "furnished in the construction, repair, or improvement of the same." Amendment of 1888 to Section 12, Article 1, Constitution of Minnesota.

 We are of the opinion that any change in the law, as announced in the case of O'Leary v. Croghan, supra, must come by constitutional amendment. Applying the rule there announced, we are of the opinion that the legislative attempt to subject the homestead to a debt created for "the original erection and construction of buildings thereon" is not within the authority of the legislature in that it is an attempt to differentiate between debts and discriminate between creditors.

We are not unmindful of the holding of this court that the homestead is subject to a vendor's lien. Hickman v. Long, 34 S. D. 639, 150 N. W. 298. The reason for such holding is, however, that the vendor's lien attaches prior to the acquisition of the homestead interest, and the homestead acquired where a vendor's lien is retained is only a homestead interest in and to the "equitable estate" which the purchaser has in the property.

The judgment appealed from is affirmed.

All the Judges concur.