# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA,

## JULY TERM, 1866.

———◆———

### CHRISTOPHER COGEL et al.

*v.*

### GEORGE MICKOW et al.

*Held:* 1. That, under our Constitution, the amount of real property exempted as a homestead may be measured by its area.

2. That our statute secures a homestead as against the claim of a material-man who furnishes materials for the erection or repairs of a house on the exempted property.

3. That a material-man's lien filed within the time required by law, attaches from the time of furnishing the materials.

4. That a person having no interest in the decision of a question, can not ordinarily raise or litigate it.

This action was commenced in the District Court for Goodhue county. All of the defendants appeared, two of them answered separately; to certain portions of these answers the plaintiffs demurred. The court below overruled the demurrers, and from the order overruling the same, the plaintiffs appeal to this court. A sufficient statement of the case will be found in the opinion of the court.

WILDER & WILLISTON, for appellants.

BROUGHTON & McCLURE, for respondents.

*By the Court*—WILSON, CH. J.—The plaintiffs aver that on the 18th day of March, 1865, they sold to the defendant, George Mickow, materials to be used, and which in fact, were used in building a house on the S. W. $\frac{1}{4}$ of N. W. $\frac{1}{4}$ of Section 35, T. 112, R. 15, in Goodhue county, which piece of land was then owned by, and in possession of said George Mickow; that on the 6th day of February, 1866, they made an account in writing, which was duly sworn to, of the materials furnished, and filed the same for record in the office of the Register of Deeds, as required by law, in order to secure a lien on the said premises; that the defendants, John Mickow and Peter Thornfohrde claim an interest in said land. The plaintiffs ask for judgment, that they recover of the defendant, George Mickow, $161 11, the agreed price of said materials, and that that amount may be decreed to be a lien upon said dwelling house, and on the interest which George Mickow had on the 18th day of March, 1865, in said land.

The defendants, George Mickow and John Mickow, answer separately, and Peter Thornfohrde appears, but does not answer. George Mickow admits that he purchased and used said materials for the purpose alleged in the complaint, and that he is indebted therefor, and alleges that said house was built for the use of himself and his family; that on or about

the 26th of July, 1865, he, for a valuable consideration, sold and conveyed the premises, with the appurtenances, to the defendant, John Mickow, and that during all the time he was owner of the said premises he resided upon, used, occupied and claimed them as his homestead.

The defendant, John Mickow, in his separate answer, alleges, that on or about the 25th day of July, 1865, he, in good faith and for a valuable consideration, purchased of defendant, George Mickow, said premises, and that at the time of his purchase, he had no notice of any kind of the existence of any lien on, or claim against them. He further alleges, that on or about the 11th day of November, 1865, he sold and conveyed said premises for a valuable consideration, to the defendant, Peter Thornfohrde.

To the new matter in each answer, the plaintiff demurred, alleging that it did not constitute a defense, and the court overruled the demurrer. From the order overruling the demurrer the plaintiffs appeal to this court.

The decision of this case makes it necessary to pass upon the following questions :

(1.) Is a homestead law, under our Constitution, valid, which measures the homestead by area, and not by value ?

(2.) Does our statute secure a homestead as against such a claim as that of the plaintiff?

(3.) Does the material-man's lien attach as against a person who, in good faith and without notice, purchases the premises subsequently to the erection of the building in which the materials are used, and prior to the filing and recording of the account?

(4.) Can either of the defendants, George Mickow or John Mickow, interpose the defense that the premises are not subject to the lien claimed by the plaintiffs ?

As to the first question, our constitution provides, Art. 1, Sec. 12: "A reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability ;

the amount of such exemption shall be determined by law." The *amount* of a person's real property, according to the ordinary use and signification of language, is as often measured by its area as by its cash value, and we see nothing in the constitution to justify us in holding that the Legislature in designating the amount of homestead exemption, is precluded from adopting either mode of admeasurement. We think there can be no doubt but that the second question must be answered in the affirmative. The language of the constitution, as well as the language of the homestead law, is too explicit to admit of any doubt on this point. The plaintiffs can only enforce their lien by seizure and sale of the property on which they claim the lien. The statute and the constitution both forbid this.

The purchase of materials, to be used in the erection or repairing of a house, on land claimed and occupied as a homestead, cannot be considered as a waiver of the homestead right secured by the statute.

The plaintiff's counsel argues that the plaintiffs claim may be considered as a part of the purchase money of the real estate; but to this view we cannot assent; it is no more a part of the purchase money, than the price of a fruit tree, or fence post, used for the improvement of the property would be.

The third question must be answered in the affirmative. Section 10 of the mechanic's lien law provides " that any person entitled to a lien, shall make an account in writing of the items of labor and skill, or materials furnished, and after making oath thereto, within one year from the time of performing such labor, or furnishing such materials, shall file the same in the register's office of the county in which the labor is performed, or materials furnished, which shall be recorded in a book provided for that purpose, and shall, from the commencement of such labor or the furnishing of such materials, and for two years after the completion of such labor or the furnishing of such materials, operate as a lien." The lan-

guage of this section clearly shows that the lien attaches at the time of furnishing the materials or commencing the labor. See also *Choteau et al. v. Thorpe*, 2 Ohio State Reports, 115.

The fourth question must be answered in the negative.

It is admitted that neither John nor George Mickow, has or had, at the time of the commencement of this action, any interest in the property, and that the plaintiffs were entitled to a judgment against John for the amount claimed. Now, whether the judgment in favor of the plaintiffs be declared a lien on the property, is as to them a matter of no interest. They do not allege that they conveyed with covenants of warranty. The allegations of the answers demurred to, therefore, do not, as to them, constitute any defense. They have no right to interpose a defense in which their co-defendant only is interested.

It is argued that the defendant, Peter Thornfohdre, could not interpose this defense, and therefore that the defendants Mickow may do so. We cannot assent to either the premises or conclusion. If this property was not subject to the lien, and no lien did in fact attach, Thornfohrde certainly has the right to interpose that defense, and if he had not, that fact would not authorize those who had no interest in the question to litigate it. Our statute authorizing a person to sell and convey his homestead, must be held to mean that the grantee may take and hold it free from any liens which do not attach as against the grantor.

The order appealed from is reversed, and case remanded for further proceedings.