**NORTHWESTERN NATIONAL BANK OF SOUTH ST. PAUL, Plaintiff,**

**Richard L. Gill, Respondent,**

v.

**William H. KROLL and Irene W. Kroll, husband and wife, Appellants.**

**No. 50920.**

Supreme Court of Minnesota.

April 3, 1981.

Rehearing Denied Aug. 5, 1981.

Lawrence & Costello, Red Wing, for appellants.

Richard L. Gill, pro se.

TODD, Justice.

The defendants William H. and Irene W. Kroll appeal from the order of the Hennepin County District Court determining that Richard L. Gill, an attorney, was entitled to an attorneys lien in the amount of $950 against the defendants' homestead and further directing that the property be sold at public sale. We reverse.

This action was originally commenced by the Northwestern National Bank of South St. Paul to foreclose a second real estate mortgage on the homestead property owned by the defendants. Gill was retained by the defendants to represent them in this foreclosure proceeding and in furtherance of that representation, fee arrangements were negotiated by the parties.

A stipulated settlement of the foreclosure action was executed by the bank and the defendants on September 4, 1979. The record indicates that the defendants had paid a substantial portion of the attorneys fees prior to the time of settlement but that there remained unpaid a balance in the amount of $950.

The defendants denied the existence of an unpaid balance of attorneys fees and on September 7, 1979, Gill filed his notice of attorneys lien. Relying upon Minn.Stat. § 481.13 (1978), the district court directed the entry of judgment in favor of the attorney Gill and directed that the property be sold to satisfy the judgment. Basic to the district court's decision was its view that section 481.13 authorizes an attachment of the attorneys lien to any property without regard to whether it is a homestead or of nonhomestead character.

Minn.Stat. § 481.13(1) (1978) provides as follows:

An attorney has a lien for his compensation whether the agreement therefor be expressed or implied:

(1) Upon the cause of action from the time of the service of the summons therein, or the commencement of the proceeding, and upon the interest of his client in any money or property involved in or affected by any action or proceeding in which he may have been employed, from the commencement of the action or proceeding, and, as against third parties, from the time of filing the notice of such lien claim, as provided in this section.

The sole question presented is whether section 481.13(1) contemplates the imposition of an attorneys lien against a homestead otherwise exempt pursuant to Minn. Stat. §§ 510.01 and 510.05 (1978). This issue must be examined from the perspective that the attorney's services were rendered in defense of the property which the defendants seek to isolate from his claim.

The lien claimant argued successfully to the district court that section 481.13(1) contained sufficiently broad language to support the imposition of the lien against any property of the debtor affected by the attorney's actions. Additionally, the claimant suggests by implication that the services performed are the equivalent of those provided to real property by laborers and material suppliers to which the exception to the exemption is extended.

The homestead exemption and its limitations to the extent relevant to this controversy are contained in sections 510.01 and 510.05 and draw their validity and force from Minn.Const. art. 1, § 12. The recognized purpose of this legislation is to protect and preserve the homestead even at the sacrifice of just demands. *Holden v. Farwell, Ozmun, Kirk & Co.*, 223 Minn. 550, 27 N.W.2d 641 (1947). To that end, that portion of section 510.01 defining a homestead has been liberally construed and its exceptions narrowly defined. *Denzer v. Prendergast*, 267 Minn. 212, 126 N.W.2d 440 (1964).

The claimant's contention that the attorneys lien should attach is persuasive for it is arguable that without his representation, the property might have been lost by the defendants. However, we must recognize that the exemption statutes promulgated in response to a constitutional mandate are to be strictly construed and any apparently conflicting legislation must be subordinated to the clear intent of those statutes.

For that reason, section 481.13 must be read to incorporate the exemption provision of section 510.01 and may not be construed as having created a limitation in addition to those contained in section 510.05.

Reversed and remanded.