TITLE INSURANCE COMPANY OF
MINNESOTA, John R. Lugar, and
Bonnie L. Lugar, Respondents,

v.

AGORA LEASES, INC., Appellant.

No. 81–438.

Supreme Court of Minnesota.

June 25, 1982.

Maun, Green, Hayes, Simon, Johanneson
& Brehl, Richard D. Donohoo and Larry B.
Guthrie, St. Paul, for appellant.

Levin & Rohleder, St. Paul, James C.
Yecker, Minneapolis, for respondents.

AMDAHL, Chief Justice.

Defendant Agora Leases, Inc., appeals from a judgment declaring certain real estate and the proceeds from its sale free from a judgment lien under the homestead exemption statutes. Minn.Stat. §§ 510.-01–.09 (1980). The crucial issue is whether the statutory exemption extends to lands in excess of the defined land area limits in a situation in which the excess has no direct value to the judgment creditor. We conclude that the statute must be given its unequivocal meaning that the exemption is measured by land area alone. Accordingly, we reverse and remand for further proceedings, if any.

The facts are not seriously disputed. On July 18, 1979, Agora obtained a judgment against one Angeline Mahmood on a business debt of $9,901. At that time Mahmood owned .77 of an acre of land located in the platted portion of the City of Maplewood. She occupied the property as her homestead until November 28, 1980, when she sold it to John R. and Bonnie L. Lugar.

One of the terms of the sale to the Lugers was that $14,000 of the purchase price be placed in escrow until Mahmood could obtain a judgment or release freeing the property from Agora's lien. Mahmood commenced this suit to remove the lien as a cloud on the title. The trial court found that if the parcel is divided into a statutorily exempt one-half acre portion containing the buildings and a .27-acre unimproved portion, the .27-acre portion would be neither saleable nor usable by Agora. There is no separate access to the .27-acre portion as set apart by Mahmood because of roadway and lakeshore easements. A lot of such small size cannot be built upon under applicable ordinances, and a deed conveying it would not be recordable. However, the land would be of value to a contiguous owner for whom none of these problems exists. The trial court removed the lien, reasoning that the lack of value of a .27-acre portion standing alone rendered the

entire parcel exempt. Before the time to appeal expired, the escrowed funds were released to Mahmood and she filed bankruptcy. We granted a motion allowing the Title Insurance Company of Minnesota and the Lugars to be substituted in her place as real parties in interest.

Minn.Stat. §§ 510.01–.09 (1980) govern the exemption of homestead property from liability for debts. We have consistently construed these provisions liberally in favor of the debtor due to their constitutional roots [1] and the strong social policy of securing the home against the uncertainties and misfortunes of life. *See Northwestern National Bank of South St. Paul v. Kroll*, 306 N.W.2d 104, 105 (Minn.1981). From the beginning of statehood our legislature has defined the exemption in terms of land area. The present provision, Minn.Stat. § 510.02 (1980), provides that if a homestead is "within the laid out or platted portion of [any city] its area shall not exceed one half of an acre." In *Cogel v. Mickow*, 11 Minn. 475 (Gil. 354) (1866), we rejected the argument that, constitutionally, the homestead must be measured by value rather than area. More recently, in *O'Brien v. Johnson*, 275 Minn. 305, 148 N.W.2d 357 (1967), in which a large part of the real estate claimed by the debtor as his homestead consisted of valuable income-producing commercial property, we strictly applied the area limit, but recommended to the legislature that it impose a ceiling on the value of exempt property to prevent abuse and injustice. *See Id.* at 311, 148 N.W.2d at 361. The legislature has not seen fit to follow our recommendation.

In the present case, the question of value arises not because the debtor owned an extremely valuable parcel whose size is within the statutory area restrictions, but because she owned arguably valueless land in excess of the prescribed limits. We are not persuaded that value is any more relevant under our statute in this case than under the circumstances of *O'Brien*. The statute plainly adopts an area measure for the exemption rather than a value measure. The trial court acknowledged the area limit but applied the *de minimis* rule, reasoning that since the excess had no value to the creditor, it was legally of no consequence. That rule is inapposite because the statute does not speak in terms of value. When it is applied to area, the statutory measure, the excess in this case is half again as much as allowed, which is hardly *de minimis*. The clear language of the statute and the importance of certainty in real estate law persuades us that neither legal nor equitable [2] principles favor enlarging the homestead exemption over that expressly provided in Minn.Stat. § 510.02 (1980).

Reversed and remanded.

TODD, Justice (dissenting in part)

I respectfully dissent from that portion of the majority opinion which refuses to apply equitable principles to the facts of this case. I agree entirely with the legal proposition contained in the majority opinion that size alone, and not value, determines the extent of the statutory homestead exemption.

However, principles of equity preclude granting relief to Agora Leases, Inc. The judgment sought to be enforced is against Angeline Mahmood, the former owner of the property. The Lugars purchased the property with notice of the judgment. They demanded that $14,000 of the purchase price be escrowed to protect themselves. Mahmood then brought an action against Agora Leases, Inc. to remove the judgment from the property. The trial court incorrectly determined that value, and not size, could be considered and exempted

---

1. Minn.Const. art. 1, § 12, provides: "A reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability. The amount of such exemption shall be determined by law."

2. We would agree with the dissent if the record established the facts that the dissent assumes to be true. The record discloses neither the circumstances under which the escrowed funds were released, nor any basis for determining that Agora was guilty of laches. The case was neither tried nor appealed here on such a theory. If assumptions are to be made, it would seem that the substitution of Title Insurance Company as a party properly leads to a conclusion that it, not the Lugars, will suffer any loss occurring by reason of the premature release of the escrowed funds.

the property from the judgment. At this point Agora took no legal steps to prevent the entry of judgment or enjoin the release of escrowed funds pending appeal. As a result the monies placed in escrow by the Lugars was released. Agora is guilty of laches. If we do not so hold, the Lugars will be forced to pay an additional sum to free their own property after having taken every adequate step to prevent such a result. Equity and justice demands that we preclude Agora from being rewarded for their own neglectful conduct.

I would hold that the result reached in the trial is correct, although the reason given is incorrect.

YETKA, Justice (dissenting).

I join in the dissent of Justice Todd.