982 F.2d 526
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
In re: Walter H. SANDS; Vivian E. Sands,
Mark C. Halverson, Trustee; State Bank of Butterfield, Appellees,
v.
Walter H. Sands; Vivian E. Sands, Appellants.
 No. 92-2316.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 8, 1992.
Filed: December 23, 1992.
 
 Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Walter H. and Vivian E. Sands (debtors) appeal from the district court's[1] order reversing the bankruptcy court's[2] order and rejecting the debtors' claim that the Minnesota homestead exemption applies to a forty-acre parcel of their real property. We affirm.
 
 
 2
 The debtors owned a 120-acre farm in Watonwan County, Minnesota. In August 1982, they mortgaged eighty acres of their farm to Production Credit Association (PCA). The debtors' house was situated upon the eighty mortgaged acres. The debtors also entered into a loan agreement with the State Bank of Butterfield (Bank). The debtors defaulted on both loans in 1989. On April 11, 1989, the Bank docketed a judgment lien against Walter and his brother, Roger Sands, in the amount of $9,881.50. On June 19, 1989, PCA foreclosed its mortgage on the eighty acres and purchased the land at the foreclosure sale.
 
 
 3
 The debtors continued to live in their house on the farm. One year later the debtors' statutory period for redemption expired, and PCA instituted an unlawful detainer action against them. On December 18, 1990, a Minnesota state court ordered the debtors to surrender the property to PCA. The next day, the court issued a Writ of Restitution authorizing PCA to evict the debtors.
 
 
 4
 The following day, without vacating the premises, the debtors filed a Chapter 7 bankruptcy petition and claimed the 120-acre farm as their homestead under Minn. Stat. Ann. § 510.01 (West 1990). They continued to live in the house located on the eighty-acre parcel that PCA bought at the foreclosure sale. On March 5, 1991, third parties Ernest A. and Leota Hall, relatives of the debtors, contracted with PCA to purchase the eighty-acre tract. PCA notified the debtors of their right of first refusal, which expired May 9, 1991.[3] The Halls purchased the land, and leased it to the debtors, who continued living in the home. The debtors then abandoned their claim to a homestead exemption in the eighty-acre parcel, but they continued to assert a homestead interest in the remaining forty acres of the farm.
 
 
 5
 The Trustee, joined by the Bank, objected to the debtors' homestead exemption. Ruling from the bench, the bankruptcy court allowed the exemption because debtors occupied the farm as a single unit and owned the forty-acre parcel.
 
 
 6
 The Trustee and the Bank appealed to the district court, arguing that the debtors did not occupy the forty-acre tract as required by section 510.01. The district court agreed and reversed the bankruptcy court. The court held that debtors did not own the eighty-acre parcel, and did not occupy the forty-acre parcel, and therefore could not assert a homestead exemption in either tract. Debtors now appeal, reasserting their argument that the farm was a contiguous parcel of land and, because they occupied the entire property and owned the forty-acre parcel, they are entitled to a homestead exemption for that parcel.
 
 
 7
 The bankruptcy court was correct in recognizing that Minnesota courts have liberally construed the homestead exemption. See Denzer v. Prendergast, 126 N.W.2d 440, 444 (Minn. Ct. App. 1964) (test for homestead exemptions is "whether the ownership and occupancy affords a community connection of such significance as to give reason to believe that the preservation of that connection will in the long run make the debtor and his family better able to fulfill their social obligation to be self-sustaining"). The purpose of the homestead statute is to allow family farmers to continue in their livelihood as productive members of society. See Title Ins. Co. v. Agora Leases, Inc., 320 N.W.2d 884, 885 (Minn. 1982), Northwestern Nat'l Bank v. Kroll, 306 N.W.2d 104, 105 (Minn. 1981). However, the homestead exemption only protects those who fulfill the statutory requirements.
 
 
 8
 The homestead statute applies to the "house owned and occupied by a debtor as the debtor's dwelling place, together with the land upon which it is situated." Minn. Stat. Ann. § 510.01 (West 1990). At the time debtors filed bankruptcy, they no longer owned the house in which they lived. As liberally as Minnesota courts construe the homestead law, the statute nevertheless requires the debtors to own the house situated on the land. Because the debtors did not own the house, they cannot claim a homestead. Muscala v. Wirtjes, 310 N.W.2d 696, 698 (Minn. 1981), quoting Clark v. Dewey, 73 N.W. 639, 640 (Minn. 1898).
 
 
 9
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable David S. Doty, United States District Judge for the District of Minnesota
 
 
 [2]
 The Honorable Dennis D. O'Brien, United States Bankruptcy Judge for the District of Minnesota
 
 
 [3]
 At the bankruptcy hearing to determine whether debtors were entitled to a homestead exemption, debtors' attorney conceded debtors' financial inability to exercise their right of first refusal