**In re Lawrence E. McCABE and Janet McCabe, Debtors.**

**No. 02–00250–C.**

United States Bankruptcy Court, N.D. Iowa.

Sept. 3, 2003.

Thomas G. McCuskey, Cedar Rapids, IA, for Debtors.

Ray Terpstra, Cedar Rapids, IA, for Textron Financial Services, Hills Bank & Trust, and Solon State Bank.

Joseph A. Peiffer, Cedar Rapids, IA, for Trustee.

### ORDER RE: HOMESTEAD EXEMPTION

PAUL J. KILBURG, Chief Judge.

This matter came before the undersigned on August 14, 2003 for hearing on Debtor's Amended Schedule C and objections thereto. Attorney Tom McCuskey appeared as attorney for Debtors. Attor-

ney Ray Terpstra appeared for Textron Financial Services, Hills Bank & Trust and Solon State Bank. After the presentation of evidence and argument, the Court took the matter under advisement. The time for filing briefs has now passed and this matter is ready for resolution. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

## STATEMENT OF THE CASE

Debtors amended Schedule C to revise the description of real estate they claim exempt as their homestead. Creditors object that Debtors' homestead property exceeds the statutory one-half acre limit.

## FINDINGS OF FACT

In a ruling entered June 21, 2002, this Court determined that Debtor's homestead was within the city limits of Coralville and approximately 3 acres in size. Under Iowa law, Debtors are allowed to claim a homestead of no more than one-half acre within city limits. It was agreed that a survey would be performed after which Debtors would elect which one-half acre of this total parcel they would carve out as their homestead. Based on Iowa law and the operative facts, this Court concluded that Debtors were entitled to one-half acre which was to be subsequently defined by survey. The remainder would become property of the bankruptcy estate for distribution by Trustee.

At the present hearing, maps and surveys were introduced into evidence which reflect that a survey was accomplished on this property. Debtors wish to retain the home in which they reside as a part of their one-half acre homestead.

Based upon the survey, the property now claimed by Debtors as their homestead consists of 26,914 square feet. The Court took judicial notice that one-half acre as authorized by Iowa statute consists of 21,780 square feet. The Objectors assert that Debtors are claiming slightly in excess of 5,000 square feet more than is authorized by statute.

Debtors acknowledge that they are entitled to one-half acre pursuant to Iowa Code Ch. 499A and 561. However, along one edge of this property runs a natural gas easement and along another edge runs a railroad track. Debtors assert that these easements are such that if the excessive square footage were eliminated from their homestead, it would be inalienable and practically worthless because of these restrictions.

Trustee does not challenge the operative facts but insists that the Iowa exemption statute allows one-half acre and no more. He agrees that the excess square footage could be surveyed and separated from the homestead property. If this were done, there would still remain two potential purchasers for this excess property, the adjacent landowner and Debtors.

## ISSUE

The question for resolution is whether there are any exceptions, based upon easements or other causes, that allow a debtor to exceed the one-half acre limitation on homestead property located within city limits provided for by Iowa statute.

## CONCLUSION OF LAW

Because Iowa has opted out of the federal exemption scheme, the Court must examine and interpret Iowa law exclusively to determine the amount of real estate that Debtors may claim as homestead property in the state. Iowa Code § 627.10 (2003). Applicable Iowa law provides that "[i]f within a city plat, [the homestead] must not exceed one-half acre in extent, otherwise it must not contain in the aggregate more than forty acres, but

if, in either case, its value is less than five hundred dollars, it may be enlarged until it reaches that amount." Iowa Code § 561.2 (2003). It is well settled that exemption statutes are to be liberally construed in debtor's favor. *In re Sears*, 246 B.R. 881, 887 (Bankr.S.D.Iowa 2000); *In re Breuer*, 68 B.R. 48, 50 (Bankr.N.D.Iowa 1985). However, courts must exercise great care "not to depart substantially from the express language of the statute or to extend the legislative grant." *Sears*, 246 B.R. at 887 (citations omitted).

## ANALYSIS

■ This appears to be an issue of first impression. No court has addressed whether the size limitations of Iowa's homestead statute are subject to exceptions. The parties have presented no authority suggesting that an exception exists under the facts presented.

The Minnesota Supreme Court, while interpreting Minnesota's homestead statute, confronted a factual situation similar to that presented here. *See Title Ins. Co. v. Agora Leases, Inc.*, 320 N.W.2d 884 (Minn.1982). The Minnesota statute is essentially identical to Iowa's homestead statute. In *Agora Leases*, the court framed the issue as "whether the statutory exemption extends to land in excess of the defined land area limits in a situation in which the excess has no direct value to the judgment creditor." *Id.* at 884. The judgment debtor in *Agora Leases* was trying to claim more land as her homestead as exempt property than the statutory one-half acre under Minnesota law. *Id.* at 885. The judgment debtor argued that there should be a *de minimis* exception to the one-half acre limitation in situations where the amount of excess land is relatively small and would be of no value to the judgment creditor. *Id.* The court found this argument unpersuasive. It held the

statute speaks in terms of property size not value. *Id.* The Court stated, "The clear language of the statute and the importance of certainty in real estate law persuades us that neither legal nor equitable principles favor enlarging the homestead exemption over that expressly provided in Minn.Stat. 510.02 (1980)." *Id.*

Debtors claiming a homestead exemption under Florida's statute have also been denied an exception to the one-half acre limitation in situations where it may appear equitable to permit such an exception. *See In re Baxt*, 188 B.R. 322 (Bankr. S.D.Fla.1995); *In re Englander*, 156 B.R. 862 (Bankr.M.D.Fla.1992). In *Baxt*, the debtor wanted to claim 2.5 acres as exempt homestead property because under the local zoning laws the property was not allowed to be divided. *Baxt*, 188 B.R. at 323. The bankruptcy court disallowed the exception and ordered the property sold and that the proceeds to be allocated between exempt and non-exempt property. *Id.* at 325. The court, quoting *Englander*, 156 B.R. at 870, stated the "[t]he homestead exemption cannot be used, even in conjunction with zoning laws, to unjustly impose upon the rights or creditors." *Baxt*, 188 B.R. at 323. As in *Agora Leases*, the court refused to create an exception to the one-half acre limitation on homestead property even in circumstances where it may have appeared compelling to do so.

In *Sears*, this Court construed Iowa's homestead exemption where the debtor was claiming more property than statutorily allowed. The court ruled that the debtor may only claim the maximum amount of property allowed. *Sears*, 246 B.R. at 891. The court acknowledged that the debtor would be required to plat the property again to comply with the court's decision. *Id.* The court stated that "[e]ven though that may mean the resulting parcels will

have less value than if the lot remained intact, the rulings comport with this Court's duty to liberally construe the exemption statute without departing from the language of the statute or extending the legislative grant." *Id.*

## CONCLUSION

Iowa's applicable homestead exemption allows more than one-half acre only when the value of the property is less than $500. This exception does not apply here. Iowa's homestead exemption statute is unambiguous and only allows for one-half acre of property to be designated by the debtor as homestead property. While the exemption statutes are to be liberally construed, courts must not depart from the plain meaning of the statute or give an effect to the statute not intended by the Iowa legislature. Debtors may only claim one-half acre of land as their homestead property subject to the other limitations contained in Iowa's homestead laws. This may require new platting and result in the existence of parcels of land with little value. However, these parcels of land retain some value to both Debtors and the adjacent landowner, if not to others. The sale of these parcels will generate additional assets for the bankruptcy estate.

**WHEREFORE,** Debtors are not entitled to claim more than one-half acre as exempt homestead property under Iowa's exemption law.

**FURTHER,** the objections to Debtors' amended Schedule C are sustained for the reasons set forth herein.