STATE OF MINNESOTA

IN SUPREME COURT

A15-0055

Court of Appeals

Lillehaug, J.
Took no part, Chutich, J.

City of Oronoco,

Respondent,

vs.

Fitzpatrick Real Estate, LLC, et al.,

Respondents,

vs.

Whitney National Bank of New Orleans, Louisiana,

Appellant.

Filed:  August 10, 2016
Office of Appellate Courts

_____

Daniel J. Heuel, O'Brien & Wolf, L.L.P., Rochester, Minnesota, for respondents Fitzpatrick Real Estate, LLC, et al.

Thomas H. Boyd, John C. Holper, Winthrop & Weinstine, P.A., Minneapolis, Minnesota, for appellant.

_____

S Y L L A B U S

1.      Minnesota Statutes § 481.13, subd. 1(a) (2014), creates two distinct attorney's liens:  a cause-of-action lien and a property-interest lien.

2.      Minnesota Statutes § 481.13, subd. 1(a), does not require an attorney with a cause-of-action attorney's lien to file notice for the lien to have priority over third-party claims.

1

LILLEHAUG, Justice.

This case arises from a lien priority dispute between Whitney National Bank (Whitney) and a law firm, O'Brien & Wolf, L.L.P. (O'Brien). Whitney obtained a judgment in Florida against respondents Daniel Fitzpatrick and his business entities (collectively Fitzpatrick) and docketed the judgment in Minnesota. In a separate matter, Fitzpatrick, represented by O'Brien, obtained a judgment against the City of Oronoco (the City). The judgment against the City became the focus of two creditors: Whitney, by way of a garnishment summons, and O'Brien, by way of an attorney's lien.

The district court held that Whitney's garnishment lien was superior to O'Brien's attorney's lien. The court of appeals reversed. Because the plain language of Minn. Stat. § 481.13, subd. 1(a)(1) (2014) does not require an attorney with a cause-of-action attorney's lien to file notice of the lien claim for the lien to have priority over third-party claims, we affirm.

I.

On March 31, 2009, Whitney obtained a judgment in the amount of $273,189.69 against Fitzpatrick in Florida. On May 21, 2009, the foreign judgment was entered and docketed in Olmsted County District Court.

On September 3, 2010, the City sued Fitzpatrick and several of his entities in Olmsted County District Court. Fitzpatrick, represented by O'Brien, counterclaimed. The district court ordered a judgment for Fitzpatrick in the amount of $120,440.40. The City appealed. The court of appeals affirmed the judgment against the City. *City of*

*Oronoco v. Fitzpatrick Real Estate, LLC*, No. A13–1741, 2014 WL 1272405, at *1-2 (Minn. App. Mar. 31, 2014), *rev. denied* (Minn. June 17, 2014). Whitney was not involved in this case.

On June 19, 2014, Whitney served a garnishment summons and related papers on the City to establish and perfect a garnishment lien against the judgment proceeds won by Fitzpatrick. Minn. Stat. § 571.81 (2014). On June 23 and 26, 2014, Whitney mailed copies of the garnishment papers to Fitzpatrick at his last known addresses.

On June 30, 2014, Whitney received O'Brien's notice of its attorney's lien "on the cause of the action . . . and in the judgment" against the City. On July 2, 2014, O'Brien filed a UCC Financing Statement with the Minnesota Secretary of State to provide public notice of its attorney's lien.

On July 15, 2014, O'Brien filed a motion in Olmsted County District Court to establish and determine the amount and priority of its attorney's lien. On August 1, 2014, pursuant to a court order, the City deposited funds in the amount of $149,113.24[1] with the court administrator to satisfy the judgment in favor of Fitzpatrick. On December 2, 2014, the district court held that Whitney's garnishment lien in the amount of $144,123.64[2] was superior to O'Brien's attorney's lien in the amount of $37,297.77. The court ordered that the deposited funds be paid first to Whitney and then the remaining balance to O'Brien.

---

[1] The difference between the $120,440.40 judgment and the amount deposited represents pre- and post-judgment interest.

[2] Although Whitney's garnishment summons was for the full amount of its Florida judgment against Fitzpatrick, Whitney did not object when the City disclosed it owed $144,123.64.

Referencing Minn. Stat. § 481.13, subd. 1(a) (2014), the district court concluded that a cause-of-action attorney's lien is perfected, as against third parties, from the time the attorney files notice of the lien claim. Because the court determined that O'Brien's attorney's lien was perfected no earlier than June 30, 2014, it concluded that Whitney's earlier-perfected garnishment summons had priority. O'Brien appealed.

The court of appeals reversed and remanded. *City of Oronoco v. Fitzpatrick Real Estate, LLC*, 869 N.W.2d 332, 333 (Minn. App. 2015). The court determined that Minn. Stat. § 481.13, subd. 1(a), creates two kinds of attorney's liens: a cause-of-action lien governed by subdivision 1(a)(1), and a property-interest lien governed by subdivision 1(a)(2). *See* 869 N.W.2d at 336. The court read subdivision 1(a)(1) as not requiring an attorney to file notice of a cause-of-action attorney's lien claim to have priority over third-party claims. *See id.* By contrast, reasoned the court, a property-interest lien under subdivision 1(a)(2) requires notice to third parties. *Id.* Therefore, the court concluded, O'Brien's cause-of-action attorney's lien, which attached no later than October 22, 2010—when O'Brien began representing Fitzpatrick—has priority over Whitney's garnishment lien, which attached on June 18, 2014. *Id.* We granted review.

II.

An attorney's lien "prevent[s] a client from benefiting from an attorney's services without paying for those services." *Dorsey & Whitney LLP v. Grossman*, 749 N.W.2d 409, 420 (Minn. App. 2008). "An attorney[']s lien traces its origins to common law, but the Minnesota legislature has long since preempted this field and has substituted statutory procedures." *Id.* (citation omitted) (internal quotation marks omitted); *see also* Minn.

4

Stat. § 481.13.

This case requires that we interpret the attorney's lien statute, Minn. Stat. § 481.13. "Interpretation of a statute is subject to de novo review." *Schroeder v. W. Nat. Mut. Ins. Co.*, 865 N.W.2d 66, 67 (Minn. 2015). "When we interpret statutes, our objective is to ascertain and effectuate the intent of the Legislature." *Marks v. Comm'r of Revenue*, 875 N.W.2d 321, 324 (Minn. 2016); *see also* Minn. Stat. § 645.16 (2014). Statutory words and phrases must be construed according to the rules of grammar and common usage. *See* Minn. Stat. § 645.08(1) (2014). We consider the statute "as a whole so as to harmonize and give effect to all its parts, and where possible, no word, phrase, or sentence will be held superfluous, void, or insignificant." *Anderson v. Comm'r of Taxation*, 253 Minn. 528, 533, 93 N.W.2d 523, 528 (1958).

Subdivision 1(a) of the statute reads as follows:

> (a) An attorney has a lien for compensation whether the agreement for compensation is expressed or implied (1) upon the cause of action from the time of the service of the summons in the action, or the commencement of the proceeding, and (2) upon the interest of the attorney's client in any money or property involved in or affected by any action or proceeding in which the attorney may have been employed, from the commencement of the action or proceeding, and, as against third parties, from the time of filing the notice of the lien claim, as provided in this section.

Minn. Stat. § 481.13, subd. 1(a).

The issue in this case turns on the effect of the phrase at the end of subdivision 1(a): "and, as against third parties, from the time of filing the notice of the lien claim, as provided in this section." We will call this phrase "the third-party clause." Plainly, the third-party clause modifies the preceding words in subdivision 1(a)(2), which governs

5

money or property attorney's liens—property-interest liens. But does it also modify subdivision 1(a)(1), which governs cause-of-action attorney's liens? If it does, Whitney's garnishment lien has priority. If it does not, O'Brien's attorney's lien has priority. For three reasons, we conclude that the third-party clause clearly does not modify subdivision 1(a)(1).

First, there is no textual indication that the third-party clause modifies subdivision 1(a)(1). The third-party clause is part of subdivision 1(a)(2). The immediately preceding text and the third-party clause are separated only by a comma, not by a semicolon or a line break. "[W]hile matters like punctuation are not decisive of the construction of a statute, where they reaffirm conclusions drawn from the words themselves they provide useful confirmation." *United States v. Naftalin*, 441 U.S. 768, 774 n.5 (1979) (citations omitted) (internal quotations omitted). A semicolon or a line break might signify that the third-party clause modifies all that goes before, but there is no such signal.

By contrast, the statute clearly provides that the initial words of subdivision 1(a) govern both paragraphs (1) and (2) in that subdivision. And, in the very same subdivision 1, the Legislature showed that it knows how to use numbering and line breaks to tell us when a provision applies to all that precedes it. Specifically, subdivision 1(c) governs how to establish and determine a lien, and expressly refers to subdivisions 1(a) and 1(b).[3] Nothing in the third-party clause within subdivision 1(a)(2) refers to

_____

[3]     "A lien provided by paragraphs (a) and (b) may be established, and the amount of the lien may be determined, summarily by the court under this paragraph on the

(Footnote continued on next page.)

6

subdivision 1(a)(1).

Second, the rules of grammar suggest that the third-party clause modifies only subdivision 1(a)(2). *See* Minn. Stat. § 645.08(1) ("[W]ords and phrases are construed according to rules of grammar . . . ."). In particular, the last antecedent canon "instructs that a limiting phrase . . . ordinarily modifies only the noun or phrase that it immediately follows . . . ." *Larson v. State*, 790 N.W.2d 700, 705 (Minn. 2010). As the United States Supreme Court has explained, this "rule reflects the basic intuition that when a modifier appears at the end of a list, it is easier to apply that modifier only to the item directly before it." *Lockhart v. United States*, __ U.S. __, 136 S. Ct. 958, 963 (2016). The last antecedent canon supports our reading that the third-party clause modifies only the paragraph clause immediately preceding it, which is subdivision 1(a)(2).

Third, the last words of the third-party clause, "as provided in this section," tell us that the clause is limited to the property-interest attorney's lien. The words "as provided in this section" clearly refer to subdivision 2 of section 481.13, which contains a detailed procedure to perfect a property-interest attorney's lien. Subdivision 2 provides no comparable instructions on how to perfect a cause-of-action attorney's lien. *See* Minn. Stat. § 481.13, subd. 2. This tells us that the attorney need not do anything after the attorney's cause-of-action lien has attached for it to have priority over the claims of third

---

(Footnote continued from previous page.)

application of the lien claimant or of any person or party interested in the property subject to the lien." Minn. Stat. § 481.13, subd. 1(c).

7

parties. Instead, such a lien is effective "from the time of the service of the summons" or "the commencement of the . . . proceeding." Minn. Stat. § 481.13, subd. 1(a)(1).

For these reasons, we hold that Minn. Stat. § 481.13, subd. 1(a), creates two distinct attorney's liens: a cause-of-action lien and a property-interest lien. But they have different notice requirements. Specifically, the third-party clause that is part of subdivision 1(a)(2) does not require an attorney with a cause-of-action attorney's lien to file separate notice of the lien to have priority over third-party claims. Accordingly, O'Brien's lien is superior to Whitney's claim.

Affirmed.

CHUTICH, J., took no part in the consideration or decision of this case.