HALBROOKS, Judge
In these consolidated appeals, appellant/cross-respondent Christensen Law Office, PLLC, challenges the district court's denial of its Minn. R. Civ. P. 60.02 motion on the ground that the district court erred by concluding that its attorney lien did not attach to respondent/cross-appellant Daniel Olean's homestead property. In his cross-appeal, Olean argues that the district court erred by granting summary judgment to Christensen Law on his breach-of-contract and fraud claims against Christensen Law. We affirm.
FACTS
Christensen Law began its representation of Olean in January 2013 in two appeals arising out of Olean's default on some promissory notes. Kanabec State Bank v. Olean , No. A13-0939, 2014 WL 349730 (Minn. App. Feb. 3, 2014), review denied (Minn. Apr. 15, 2014); Kanabec State Bank v. Olean , No. A13-0100, 2013 WL 6839688 (Minn. App. Dec. 30, 2013), review denied (Minn. Mar. 18, 2014). The parties' retainer agreement provided that Olean would pay Christensen Law for legal services performed and all expenses incurred in its representation.
Christensen Law's representation involved work on at least 11 parcels of Olean's real property. One parcel, legally described as "North Half of Southwest Quarter (N1/2 of SW1/4) of Section Twenty-eight (28), Township Forty-four (44), Range Twenty-one (21)," included Olean's homestead. On May 3, 2013, Olean conveyed the subject properties by warranty deed to Blees. Five days later, Blees conveyed the properties back to Olean on a contract for deed with Blees as vendor and Olean as vendee. Christensen Law represented Olean on these transactions.
When Olean signed the retainer agreement with Christensen Law, he believed that only attorney Carl Christensen would be handling the appeals. When an associate attorney worked on the file, Olean was dissatisfied. Ultimately, Christensen Law withdrew from representing Olean on September 20, 2013.
At the time that Christensen Law withdrew, Olean owed the firm $25,352.57 in attorney fees and expenses. Because Olean failed to make payments, Christensen Law filed a complaint approximately one year *880 later to establish an attorney lien under Minn. Stat. § 481.13, subd. 1(c) (2016), and to foreclose the lien on Olean's real property, including Olean's homestead, in the event that the other properties did not satisfy the lien first. The complaint alleged that Olean breached the retainer agreement. Olean filed an answer, denying the allegations in the complaint and asserting counterclaims of breach of contract and fraud.
Christensen Law moved the district court to establish, in a summary proceeding, the lienholder, the amount of the lien, and the property to which the lien attached. The district court granted Christensen Law a $25,352.57 attorney lien and ordered the lien enforceable "against any real property interest" held by Olean. The district court also ordered that Christensen Law "may apply to the Court to have its attorneys' fees and costs incurred in connection with this motion added to the judgment; plus any fees and costs incurred after the entry of judgment by service and filing of an appropriate Affidavit of Counsel and accompanying billing records." The district court awarded Christensen Law a judgment of $12,520.61 for collection costs, including attorney fees, costs, and interest, reasoning that Christensen Law is entitled to collection costs "because Olean's representation agreement with Christensen Law Office PLLC provides for attorney fees, costs, and interest in the collection of any unpaid amounts to the firm."
Olean appealed the district court's order granting Christensen Law's attorney lien, contending that the district court erred by ruling that the attorney lien is enforceable against any of his real-property interests. Christensen Law Office, PLLC v. Olean , No. A15-0019, 2015 WL 5312159, at *2 (Minn. App. Sept. 14, 2015). This court affirmed the attorney lien but reversed "that part of the judgment providing for the lien to attach to any real-property interest held by Olean" and remanded to the district court "to determine the proper subject of the lien." Id. at *3 (emphasis added). We noted that "[b]ecause Christensen Law opted to proceed under Minn. Stat. § 481.13, subd. 1(c), the judgment should have been limited to a lien against property involved in the appeals on which Christensen Law represented Olean." Id.
On remand, Christensen Law moved for an order granting relief, specifically asking the district court to identify the property to which the attorney lien attached, to determine the priority of the attorney lien as it related to Blees's interest, and to enforce the attorney lien through judgment. Christensen Law also moved for partial summary judgment on its breach-of-contract claim against Olean. At the same time, Blees moved for an order of indemnification on the ground that Olean is obligated to defend him under the terms of the warranty deed and contract for deed.
In a July 2016 order, the district court awarded Christensen Law a $20,449.19 judgment, enforceable "against Daniel Olean's actual present real estate interests, and not to any property protected by a homestead exemption." (Emphasis added.) The district court did not rule on Christensen Law's motion for partial summary judgment.
Christensen Law filed a letter with the district court requesting reconsideration of the July 2016 order, reasoning that the district court erroneously concluded that the attorney lien cannot attach to Olean's homestead and failed to rule on Christensen Law's attorney-lien-enforcement and breach-of-contract claims. The district court granted leave, and Christensen Law moved for summary judgment on its own breach-of-contract claim and on Olean's breach-of-contract and fraud counterclaims, *881 and for Minn. R. Civ. P. 60.02 relief.
In a May 2017 order, the district court granted summary judgment to Christensen Law on its breach-of-contract claim and on Olean's breach-of-contract and fraud counterclaims. The district court concluded that Christensen Law "can enforce its $20,449.19 lien in a manner consistent with Minnesota Statutes Chapter 550." The district court also granted Blees's motion for indemnity from Olean and declaratory judgment.
Blees moved to amend the May 2017 order, requesting that the district court convert the money judgment into a declaratory judgment that would attach to the contract for deed. The district court granted Blees's motion in a June 2017 order. In the same order, the district court sua sponte concluded that Christensen Law is not entitled to relief under rule 60.02, reasoning that "the subject of the lien is Olean's actual present real estate interests, and not any property protected by a homestead exemption." These consolidated appeals follow.
ISSUES
I. Did the district court err by concluding that Christensen Law's attorney lien cannot attach to property that is protected by the homestead exemption?
II. Did the district court err by granting summary judgment to Christensen Law on Olean's breach-of-contract and fraud counterclaims?
ANALYSIS
I.
Christensen Law brought a rule 60.02 motion to clarify and correct the district court's July 2016 order and judgment. The district court granted relief, concluding in a May 2017 order that Christensen Law could enforce its attorney lien under Minn. Stat. §§ 550.01 -.42 (2016). In a June 2017 order, the district court sua sponte reversed its May 2017 ruling and determined that Christensen Law is not entitled to rule 60.02 relief because the subject of its attorney lien cannot include any of Olean's property that is protected by the homestead exemption. Christensen Law argues that the district court erred as a matter of law when it concluded that the subject of its attorney lien does not include Olean's homestead property and that the lien cannot be enforced on Olean's property that is protected by the homestead exemption.
Under Minn. R. Civ. P. 60.02, a district court may relieve a party from final judgment, order, or proceeding, and may grant relief as may be just for:
(a) Mistake, inadvertence, surprise, or excusable neglect;
(b) Newly discovered evidence ...;
(c) Fraud ...;
(d) The judgment is void;
(e) The judgment has been satisfied, released, or discharged or a prior judgment upon which it is based has been reversed or otherwise vacated ...; or
(f) Any other reason justifying relief from the operation of the judgment.
This court reviews a district court's denial of rule 60.02 relief for an abuse of discretion. Gams v. Houghton , 884 N.W.2d 611, 620 (Minn. 2016). But interpretation of the attorney-lien and homestead-exemption statutes is a question of law, which we review de novo. See City of Oronoco v. Fitzpatrick Real Estate, LLC , 883 N.W.2d 592, 595 (Minn. 2016). "When interpreting a statute, we must 'ascertain and effectuate the intention of the legislature.' " Dorsey & Whitney LLP, v. Grossman , 749 N.W.2d 409, 420 (Minn. App. 2008) (quoting Minn. Stat. § 645.16 (2006) ). The first step in interpreting a *882 statute is to determine whether the statute's language is ambiguous on its face. Id ."A statute's language is ambiguous only when its language is subject to more than one reasonable interpretation." Id. Minnesota courts have, historically, liberally construed the homestead exemption in favor of the debtor. Kipp v. Sweno , 683 N.W.2d 259, 262 (Minn. 2004).
A. The Attorney-Lien Statute
An attorney lien prevents a client "from benefiting from an attorney's services without paying for those services." Oronoco , 883 N.W.2d at 595. Although attorney liens originated in the common law, they are now governed by statute. Grossman , 749 N.W.2d at 420.
The attorney-lien statute, Minn. Stat. § 481.13, subd. 1(a), includes two types of attorney liens: a cause-of-action lien and a property-interest lien. Oronoco , 883 N.W.2d at 596. We are concerned with the latter type in this matter.
An attorney has a property-interest lien for compensation "upon the interest of the attorney's client in any money or property involved in or affected by any action or proceeding in which the attorney may have been employed, from the commencement of the action or proceeding." Minn. Stat. § 481.13, subd. 1(a)(2). The attorney, by filing either a complaint or an answer with the court administrator, must assert the attorney lien within one year after filing the notice of his or her intention to claim the lien. Minn. Stat. § 481.13, subd. 3 (2016). An attorney lien granted under Minn. Stat. § 481.13, subd. 1(a), "is an inchoate lien that attaches at the commencement of the legal representation to the cause of action or the client's interest in any money or property involved in or affected by any action or proceeding in which the attorney may have been employed." Grossman , 749 N.W.2d at 421 (quotation omitted).
An attorney lien "may be established, and the amount of the lien may be determined, summarily by the court ... on the application of the lien claimant." Minn. Stat. § 481.13, subd. 1(c) ; see Grossman , 749 N.W.2d at 420 ("To make the lien choate, an attorney may petition the district court to summarily establish the lien."). After the district court determines the lien's value, it enters judgment for the amount due. Thomas A. Foster & Assocs., LTD v. Paulson , 699 N.W.2d 1, 6 (Minn. App. 2005). "The resulting judgment is in the nature of a declaratory judgment that establishes the lien, as defined by the district court with regard to the lienholder, the subject, and the amount." Grossman , 749 N.W.2d at 422.
Establishing an attorney lien under Minn. Stat. § 481.13, subd. 1(c), "enables the attorney to pursue any available methods for foreclosing on a security interest if the client does not satisfy the underlying debt." Id. at 421. An attorney lien may be enforced in several ways, "including through the ordered sale or mortgage of the property to which the lien attaches." Id.
B. The Homestead-Exemption Statute
The property on which Christensen Law seeks to foreclose its lien includes Olean's homestead, implicating the homestead exemption. The homestead exemption, embodied in the Minnesota Constitution, protects and preserves a person's homestead "even at the sacrifice of just demands." Nw. Nat'l Bank of S. St. Paul v. Kroll , 306 N.W.2d 104, 105 (Minn. 1981) ; see Minn. Const. art. I, § 12 ("A reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability.").
*883 Minn. Stat. § 510.01 (2016), the homestead-exemption statute, provides that a homestead shall "be exempt from seizure or sale under legal process on account of any debt ... except such as are incurred for work or materials furnished in the construction, repair, or improvement of such homestead, or for services performed by laborers or servants and as is provided in section 550.175." A homestead includes "[t]he house owned and occupied by a debtor as the debtor's dwelling place, together with the land upon which it is situated to the amount of area and value hereinafter limited and defined." Minn. Stat. § 510.01.
By statute, the homestead-exemption amount is limited to $390,000 or, if the homestead is used primarily for agricultural purposes, to $975,000. Minn. Stat. § 510.02 (2016). In Baumann v. Chaska Bldg. Ctr., Inc. , we examined the legislative history behind Minn. Stat. § 510.02 and concluded that the amount of the homestead exemption equals "the value of the debtor's equity in the property." 621 N.W.2d 795, 799 (Minn. App. 2001) (emphasis added) (explaining that interpreting the value of the homestead exemption "to refer to the market value of the property would seriously erode the protection afforded by the homestead exemption" because "[i]t would allow a creditor to force the sale of a homestead even where the debtor's equity is less than $200,000" (citing Minn. Stat. § 510.02 (1998) ) ). Therefore, for non-agricultural property, $390,000 in homeowner equity is exempt, and for agricultural property, $975,000 is exempt. Minn. Stat. §§ 510.01 -.02; Baumann , 621 N.W.2d at 799.
In its June 2017 order, the district court sua sponte reversed its May 3, 2017 ruling and determined that the subject of Christensen Law's attorney lien cannot include Olean's property that is protected by the homestead exemption.
C. Attachment of Attorney Lien to Homestead Property
Christensen Law contends that its attorney lien can attach to Olean's homestead property without first obtaining a waiver of Olean's homestead exemption. We disagree.
In 1981, the Minnesota Supreme Court concluded that an attorney lien could not attach to homestead property even though the attorney's services had been employed successfully to defend the clients' home against foreclosure. Kroll , 306 N.W.2d at 105. At that time, there were three statutorily recognized exceptions to the homestead exemption: mortgage liens, tax liens, and mechanic's liens. Minn. Stat. § 510.05 (1978). The exceptions did not include attorney liens established under Minn. Stat. § 481.13 (1978). Id. Although the supreme court noted that, without the attorney's representation, the clients would arguably have lost their home, the supreme court determined that " section 481.13 must be read to incorporate the exemption provision of section 510.01 and may not be construed as having created a limitation in addition to those contained in section 510.05." Kroll , 306 N.W.2d at 105.
Since the supreme court decided Kroll , the legislature has amended Minn. Stat. § 510.05 on several occasions. Between 1981 and 2008, the legislature added two more lien-interest exceptions to the homestead-exemption amount. In 1982, the legislature added estate-claim liens as an exception. 1982 Minn. Laws ch. 641, art. 1, § 18, at 1606 (codified at Minn. Stat. § 510.05 (1984) ); see also In re Estate of Mathews , 558 N.W.2d 263, 266 (Minn. App. 1997) (concluding that Minn. Stat. § 510.05 (1994) did not violate article I, section 12, which exempts a reasonable amount of *884 property from sale to satisfy a debt, or the Uniformity Clause of the Minnesota Constitution), review denied (Minn. Mar. 20, 1997). In 2007, the legislature added a fifth exception, providing that the homestead-exemption amount does not extend to "any charge obtained pursuant to a valid waiver of the homestead exemption." 2007 Minn. Laws ch. 105, § 3, at 1-2 (codified at Minn. Stat. § 510.05 (2008) ).
In 2008, the legislature again amended Minn. Stat. § 510.05, clarifying that the homestead exemption does not extend to "any charge obtained under section 481.13 pursuant to a valid waiver of the homestead exemption." 2008 Minn. Laws ch. 341, art. 5, § 2, at 29-30 (codified at Minn. Stat. § 510.05 (2010) ). As a result, Minn. Stat. § 510.05 provides five lien-interest exceptions to the homestead exemption: mortgage liens, tax liens, mechanic's liens, estate-claim liens, and attorney liens pursuant to a waiver of the client's homestead exemption . Minn. Stat. § 510.05 (2016).
In Kroll , the supreme court reasoned that an attorney lien did not attach to homestead property because Minn. Stat. § 510.05 (1978) did not include attorney liens as an exception to the homestead exemption. 306 N.W.2d at 105 ; see Minn. Stat. § 510.05 (1978). As a result of the 2007 and 2008 amendments, Minn. Stat. § 510.05 now includes attorney liens as an exception to the homestead exemption, provided that the attorney obtains a valid waiver of the client's homestead exemption. Compare Minn. Stat. § 510.05 (2016), with Minn. Stat. § 510.05 (1978) ; see Matter of Guardianship of Huesman , 381 N.W.2d 73, 76 (Minn. App. 1986) ("The owner of a homestead may waive his homestead rights, even though they be constitutional rights, by an act which evidences an unequivocal intention to do so.").
In Grossman , we addressed the attorney-lien statute and concluded that an attorney lien "attaches at the commencement of the legal representation to ... the client's interest in any money or property involved in or affected by any action or proceeding in which the attorney may have been employed." 749 N.W.2d at 420 (emphasis added) (quotation omitted). Therefore, if an attorney has obtained a valid waiver of a client's homestead exemption under Minn. Stat. § 510.05 (2016), an attorney lien attaches to a client's homestead property at the commencement of the legal representation if the client's homestead property was the subject of that representation. See id. But if an attorney does not obtain a valid waiver of the client's homestead exemption, an attorney lien does not attach to that client's homestead property.
Here, Christensen Law did not obtain a waiver of Olean's homestead exemption. We acknowledge that Minnesota appellate courts "have long struggled with the language of the homestead-exemption statute." Baumann , 621 N.W.2d at 800 ; see Nat'l Bank v. Banholzer , 69 Minn. 24, 26, 71 N.W. 919, 919 (1897) (explaining that the "court has struggled with this statute ever since its passage"); Smith's Estate v. Schubert , 51 Minn. 316, 318, 53 N.W. 711, 711 (1892) (describing the statute as "crude"). It is also undisputed that Christensen Law represented Olean on properties that included his homestead and that Olean failed to satisfy the underlying debt. But because Christensen Law did not obtain a waiver of Olean's homestead exemption, Christensen Law's attorney lien did not attach to Olean's homestead property. Minn. Stat. § 510.05 ; Kroll , 306 N.W.2d at 105. We conclude, therefore, that the district court properly denied Christensen Law rule 60.02 relief.
II.
Olean, as cross-appellant, challenges the district court's grant of summary judgment *885 to Christensen Law on Olean's breach-of-contract and fraud counterclaims, reasoning that (1) the district court incorrectly applied the summary-judgment standard by viewing the evidence in the light most favorable to Christensen Law as the moving party and (2) there are genuine issues of material fact as to whether Christensen Law breached the retainer agreement and committed fraud.
A. The district court correctly applied the summary-judgment standard.
Summary judgment is appropriate when the moving party demonstrates that the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to any material fact and that either party is entitled to judgment as a matter of law. Minn. R. Civ. P. 56.03 ; see DLH, Inc. v. Russ , 566 N.W.2d 60, 69 (Minn. 1997). In deciding a summary-judgment motion, the district court must view the evidence in the light most favorable to the nonmoving party. DLH , 566 N.W.2d at 72. Appellate courts review a district court's grant of summary judgment de novo and, in doing so, view the evidence in the light most favorable to the party against whom the district court granted judgment. STAR Ctrs., Inc. v. Faegre & Benson, L.L.P. , 644 N.W.2d 72, 76-77 (Minn. 2002).
In support of his claim that the district court applied the wrong summary-judgment standard, Olean points to the first page of the May 2017 order and the first page of the June 2017 order where the district court states: "Based on the arguments of counsel and all the files, records, and proceedings herein, and viewing the facts in the light most favorable to the Plaintiffs as the non-moving party, the Court makes the following...." Olean reasons that, because Christensen Law is the plaintiff, the district court viewed the evidence in the light most favorable to Christensen Law as the moving party. We disagree.
The above-referenced statements are typographical errors. In the body of each order, the district court correctly states that Christensen Law is the moving party and that, under the summary-judgment standard, "the court must view the evidence and adopt inferences in the light most favorable to the non-moving party." (Emphasis added.) We conclude, therefore, that the district court did not apply the wrong standard.
B. There are no genuine issues of material fact on Olean's counterclaims.
Olean maintains that the district court improperly granted summary judgment on his breach-of-contract and fraud counterclaims because there are genuine issues of material fact remaining for trial on those claims.
1. Breach of Retainer Agreement
Olean argues that Christensen Law breached the retainer agreement by assigning a less-experienced associate attorney rather than Carl Christensen to work on his file, reasoning that, because the retainer agreement "does not expressly provide that others [would] be doing the work," there is "no evidence that Olean would have had reason to know anyone other than Christensen was handling the case."
"A claim of breach of contract requires proof of three elements: (1) the formation of a contract, (2) the performance of conditions precedent by the plaintiff, and (3) the breach of the contract by the defendant." Thomas B. Olson & Assocs., P.A. v. Leffert, Jay & Polglaze, P.A. , 756 N.W.2d 907, 918 (Minn. App. 2008), *886 review denied (Minn. Jan. 20, 2009). If a contract is unambiguous, "a court gives effect to the parties' intentions as expressed in the four corners of the instrument, and clear, plain, and unambiguous terms are conclusive of that intent." Knudsen v. Transp. Leasing/Contract, Inc. , 672 N.W.2d 221, 223 (Minn. App. 2003), review denied (Minn. Feb. 25, 2004).
Olean met with Carl Christensen to discuss the attorney-client relationship. The retainer agreement executed by Christensen and Olean provides: "This agreement made on January 3, 2012, between CHRISTENSEN LAW OFFICE PLLC (hereinafter ATTORNEY) and DANIEL OLEAN (hereinafter CLIENT)." It also provides that the "CLIENT retains ATTORNEY to perform, and ATTORNEY agrees to perform for CLIENT the legal services specified below under the following terms and conditions...." The retainer agreement also lists the price of legal fees based on the person who works on the matter, including a $250 hourly rate for Carl Christensen, a $210 hourly rate for senior associates, and a $180 hourly rate for associates.
While Olean argues that there is a genuine issue of material fact on his breach-of-contract claim, he cites to no authority or record evidence in support of the assertion. He contends only that he did not know that any attorneys other than Christensen would work on his behalf. Even if Olean's contentions constituted evidence, there is no genuine issue of material fact for trial when the nonmoving party presents evidence "which merely creates a metaphysical doubt as to a factual issue and which is not sufficiently probative with respect to an essential element of the nonmoving party's case to permit reasonable persons to draw different conclusions." DLH , 566 N.W.2d at 71. The retainer agreement unambiguously defines the attorney as the entire law firm and provides that Christensen Law, not Carl Christensen individually, would represent Olean. Therefore, the district court properly determined that there is no genuine issue of material fact for trial, making summary judgment on Olean's breach-of-contract claim appropriate.
2. Fraud
Olean also argues that the district court improperly determined that there is no genuine issue of material fact on his fraud counterclaim against Christensen Law, reasoning that Carl Christensen materially misrepresented the attorney who would be performing legal services on Olean's behalf. To prove a claim of fraud, Olean must establish that there was
a false representation regarding a past or present fact, the fact was material and susceptible of knowledge, the representer knew it was false or asserted it as his or her own knowledge without knowing whether it was true or false, the representer intended to induce the claimant to act or justify the claimant in acting, the claimant was induced to act or justified in acting in reliance on the representation, the claimant suffered damages, and the representation was the proximate cause of the damages.
Martens v. Minn. Mining & Mfg. Co. , 616 N.W.2d 732, 747 (Minn. 2000).
As with his breach-of-contract claim, Olean does not point to any record evidence or authority supporting his fraud claim. He argues only that Carl Christensen knew that he was misrepresenting the attorney-client relationship when he signed the retainer agreement. There is no evidence in this record that demonstrates that Carl Christensen falsely represented the attorney-client relationship that is contemplated by the retainer agreement.
*887 Therefore, the district court properly determined that there is no genuine issue of material fact for trial, making summary judgment on Olean's fraud counterclaim appropriate.
DECISION
Because Christensen Law did not obtain a valid waiver of Olean's homestead exemption, its attorney lien did not attach to Olean's homestead. We therefore affirm the district court's order denying Christensen Law rule 60.02 relief. Because there are no genuine issues of material fact for trial on Olean's breach-of-contract and fraud counterclaims, we affirm the district court's grant of summary judgment to Christensen Law on those claims.
Affirmed.